Manly, J.
 

 Two grounds are alleged in support of the motion to arrest. Eirst, that the offense defined by the Code, is not
 
 charged,
 
 in the bill with the required certainty. Secondly, that there has been a general verdict of guilty, the other defendant not being on trial or taken.
 

 The degree of certainty required in an indictment is declared to be “ certainty to a certain intent in general;” Co. Lit. 303, a.
 

 This is further explained thus, “that every thing which the pleader should have stated, and which is not either expressly alleged, or by necessary implication included in what is al
 
 *160
 
 leged, must be presumed against him.” Applying this rule to the case before ns, we think the indictment will do.
 

 The statute declares, “ if any man and woman, not being married to each other, shall lewdly and lasciviously associate, bed and cohabit together, they shall be deemed guilty of a misdemeanor.” The indictment charges that George M. Lyerly, a
 
 male,
 
 and Jane May,
 
 & female,
 
 on the first of January, 1859, and on divers other days, &c., unlawfully did bed and cohabit together without being lawfully married, and then and there, and on said other days, &c., did commit fornication and adultery.
 

 The certainty required by the rule above stated, is such a description of the
 
 corpus
 
 delicti, as embraces every ingredient of the offense, either by express words, or by necessary implication, from what is expressed. A plain illustration of the rule may be drawn from the descriptive words, “male” and “female,” adopted by the draftsman of the bill. These words do not
 
 per se
 
 import that the parties were man and woman, but when you connect them with other parts of the indictment, it appears by necessary implication.
 

 So, we think where all the words used in tiie indictment to •charge the offense, arc taken together, every ingredient of the misdemeanor, as defined by statute, is included.
 

 The words, ‘-‘lewd” and “lascivious,” used by the Code, in the definition of the offense-, are intended, we suppose, to exclude the idea that
 
 the
 
 bedding and cohabiting might be innocent. The words that are- added in the bill of indictment, “and did then and there commit fornication,” exclude the ]iresumption more conclusively. If the words of the statute had been preferred, they would not have expressed any omitted ingredient in the offense, and would scarcely have excited any additional idea in the mind.
 

 Yle
 
 dismiss the matter with one other observation, and that is, in
 
 framing
 
 bills of indictment upon statutes, it is much better to pursue strictly, the words of the statute. Such words receive a certain judicial interpretation, and by adhering to them steadfastly, all question as to the meaning of the words
 
 *161
 
 used, is avoided. The indictment seems to have been a precedent under the statute as it stood prior to 1856.
 

 The other ground, for the motion, is not tenable. It is true, the offense cannot be committed except by more than one; hut the general-verdict of guilty finds the guilt of the woman as well as the guilt of the defendant, as against the latter.— The extent to which the cases have gone, is that where one, only, is convicted, and the others
 
 acquitted,
 
 there can be no judgment. It is well settled, however, that
 
 one,
 
 in the absence of his confederate, may be put upon trial, convicted and punished; the possibility that the confederate maybe afterwards acquitted, will not arrest the execution of the law upon the one found guilty.
 
 State
 
 v.
 
 Tom,
 
 2 Dev. Rep. 569.
 

 The motion in arrest, was correctly overruled on both grounds, and this must be certified to the Superior Court of Itowan, to the end, it may proceed again to judgment. .
 

 Per Curiam,
 

 Judgment affirmed.