MARTIN V. HORNE *v.* MARY E. HORNE.

In a petition for Divorce *a vinculo matrimonii* by the husband, on account of adultery committed by the wife, where the jury found 'that both parties had been guilty of adultery, and where no condonation on the part of the wife was proven: *Held*, that the Judge below committed no error in dismissing the petition at the cost of the petitioner.

DIVORCE *a vinculo matrimonii*, tried before *Buxton,* J., at Fall Term, 1874, of ANSON Superior Court.

The parties were married 9th of March. 1864. The application for divorce is made by the plaintiff, because of alleged acts of adultery committed by the defendant.

The suit was commenced by summons 9th of September, 1873. The defendant makes defence, denies the imputed criminal acts, and in bar of the plaintiff's suit charges him with the commission of adultery. The cause was put to the jury upon certain issues submitted by the counsel, under the direction of the Court, which issues, with the response made thereto by the jury, are entered on record.

The jury having found both of the parties guilty of adultery, the Court thereupon dismissed the case at the cost of the plaintiff.

To this judgment of the Court the plaintiff excepted, and insisted that upon the verdict rendered he was entitled to the relief prayed for, viz, a divorce from the bonds of matrimony, because section 10, chapter 39, Revised Code, making the criminality of the plaintiff in suit for divorce " a good defence and a perpetual bar against the said suit," was no longer the law of the land, as that provision was omitted in the Act relating to proceedings in divorce, ratified 27th of March, 1869, Acts of 1868–'69, chapter 83, sub-chapter, 4, and had not been incorporated in Battle's Revisal, chapter 37, relating to divorce and alimony.

The defendant resisted this view of the case on the ground that inasmuch as the Act of 27th of March, 1869, section 45, recognized chapter 39 of the Revised Code, and repealed sections 5, 6, 7 and 8, of chapter 39, Revised Code, leaving section 10 intact, that section 10 was still law, even if it was not incorporated in Battle's Revisal. It was also insisted that as this suit was commenced 9th of September, 1873, which was prior to the adoption of Battle's Revisal, the rights of the parties must be determined in this suit under the law as it then existed.

His Honor refused to give judgment in favor of the plaintiff.

During the trial, there were certain exceptions, by both

plaintiff and the defendant, to the evidence offered and also to the charge of his Honor, which, not being pertinent to the decision in this Court, need not be stated.

The jury having found that both plaintiff and defendant were guilty of adultery, his Honor dismissed the action, and the plaintiff appealed.

*Battle & Son*, for appellant.
*Steele & Walker, Busbee & Busbee*, contra.

PEARSON, C. J. "Recrimination and condonation" are principles of the common law in reference to applications for divorce, so the provision of the statute, Revised Code, chapter 39, section 10, is merely in affirmance of the common law, and it can make no difference to the plaintiff whether this section be retained or omitted by the Act of 1871-'72, chapter 193, section 35. Indeed it would be more favorable to him to consider the section as retained, for the wording of that section is more narrow than the principle of the common law.

Upon this narrow wording his Honor fell into error in ruling " that while condonation was allowed to defeat an application for a divorce, the law did not allow condonation to be used in aid of an application for divorce." Such is not the common law, although it seems to conform to the wording of the statute, and the plaintiff would have a right to complain of this ruling, provided he had offered any evidence tending to show condonation of the matter proved by way of recrimination. But he offered no evidence and made no allegation to that effect ; on the contrary, the evidence was by way of " recrimination " that in 1864 or 1865 he, night after night, frequented the house of a well known prostitute, so as to force his wife in a burst of indignation to go at night a distance of more than a mile and drive him from the embrace of this prostitute. So much as matter of " recrimination," what evidence is there of condonation ? None at all. Did his poor wife forgive him ? So far from it, after grumbling and remonstrating because of

his evil practices, she is forced to leave him and go back to her mother's house and he goes out West.

Thus abandoned she (led into temptation by his example) falls into the like evil practices and he now makes that a ground for a divorce, and asks the Court to give him license to marry another wife, to be treated in the same way, and reduced to the same state of desperation.

There is, in the nature of things, a difference between adultery committed by a husband and adultery committed by his wife, the difference being in favor of the husband. There is likewise a difference between condonation by a husband and condonation by a wife, the difference being in favor of the wife. A husband who admits his wife to conjugal embraces, after he knows that she has committed adultery, is looked on as a disgraced man—"a cuckold, a beast with horns." A wife who admits her husband to conjugal embraces, after she knows that he has committed adultery, is pitied, rather than blamed, and is supposed to yield to circumstances, which are beyond her control, where she has no separate estate, and because of her dependent condition, submits to this personal indignity, and tries, in patience, to do the best in her power to hide her shame, with the hope of reclaiming her husband. In our case the wife, so far from condonation, after standing the conduct of her husband as long as she could, refused longer to "hide her shame," and with strong hand drove her husband from the bed of his mistress, soon afterwards left him and went back to her mother, so condonation is out of the question, and we can only regret that she afterwards committed the same sin.

Our conclusion is, that both husband and wife are two miserable wretches, and the case is too disgusting to be longer entertained by the Court.

There is no error in the order to dismiss the case.

PER CURIAM. Judgment affirmed.