### STATE *v.* CHARLES TALLY.

An indictment for Fornication and adultery, charging that the defendants " did unlawfully and adulterously bed and co-habit together, and then and there d'd unlawful'y commit fornication and adultery,' is amply sufficient, and ought not to be quashed.

INDICTMENT for Fornication and Adultery, tried before his Honor, Judge *Watts*, at Fall Term, 1875, of the Superior Court of GRANVILLE county.

The defendant was held to answer upon the following bill of indictment:

"The jurors for the State upon their oath present, that Chas. Tally, yeoman, and Winney Bass, spinster, both late of the county of Granville, being lewd and vicious persons, and not united together in marriage, on the 28th day of July, one thousand eight hundred and seventy-five, and on divers other days and times, both before and after that day, at and in the county aforesaid, did unlawfully and adulterously bed and co-habit together, and then and there did unlawfully commit fornication and adultery, in contempt of the holy rites of matrimony, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State."

The defendants moved the court to quash the bill " for that the offence therein charged is not sufficiently stated to constitute the crime of fornication and adultery."

The motion was allowed and the Solicitor for the State appealed.

*Attorney General Hargrove*, for the State.
*Busbee & Busbee*, for defendants.

SETTLE, J.   The defendant insists that the indictment is insufficient:

1. " For that it does not contain the material words of the statute, against fornication and adultery."

2. " There are no words used in the indictment, sufficient to charge every ingredient of the offence as defined by statute."

As a general rule it is safe, in pleading, to follow the words of a statute, but this is not necessary, nor indeed always proper.

This bill charges that Charles Tally, yeoman, and Winney Bass, spinster, both late of &c., being lewd and vicious persons, and not united together in marriage, on the 28th day of July, A. D., 1875, and on divers other days and times, both before and after that day, at and in the county, &c., did unlawfully and adulterously bed and cohabit together, and then and there did unlawfully commit fornication and adultery, &c.

The bill is amply sufficient. I believe it is a copy of an old and well approved form, long in use by the Solicitors of this State, since the adoption of our present statute. However that may be, an examination of the cases collected in 1 Battle's Digest, page 519, title Forntcation and Adultery, will abundantly show that bills much less accurate and formal than this have been sustained by this court. We are not disposed to be hypercritical about words, when the substance sufficiently appears in the pleading.

The judgment of the Superior Court quashing the indictment is reversed.

Let this be certified, &c.

PER CURIAM.                    Judgment reversed.