## STATE v. L. A. PHIPPS.

*Indictment -- Fornication and Adultery -- Witness.*

In a trial for fornication and adultery, a former defendant as to whom a *nolle prosequi* has been entered is a competent witness against the other defendant.

(*State* v. *Rose*, Phil. 406, cited and approved.)

INDICTMENT against the defendant and Margaret Locklear for Fornication and Adultery, tried at Fall Term, 1876, of GUILFORD Superior Court, before *Kerr, J.*

On the trial of the case, the Solicitor for the State entered a *nol. pros.* as to Margaret Locklear and introduced her as a witness against the defendant who objected on the ground that she was incompetent. His Honor overruled the objection, and upon her evidence the jury rendered a verdict of guilty.

Rule for new trial. Rule discharged. Judgment. Appeal by defendant.

*Attorney General* and *Mr. J. T. Morehead,* for the State.
*Messrs. Dillard & Gilmer,* for the defendant.

FAIRCLOTH, J. The defendant and Margaret Locklear were indicted for fornication and adultery.

The Solicitor entered a *nolle prosequi* as to Locklear and introduced her as a witness against the defendant to prove the offence charged.

Was she a competent witness for that purpose is the question? She was not until the Act of 1866, Bat. Rev. ch. 43, § 14, abrogating the long settled rules of evidence, was passed which made her evidence admissible. *State* v. *Rose,* Phil. 406.

The Act of 1869–'70, ch. 177, repeals the above Act in its application to criminal matters and restored the common law rule of evidence ; but a subsequent Act, 1871–'2, ch. 4, repeals the latter Act, and thus restores the competency of the witness.

The policy of legislation leading to this result is a matter for the consideration of the Legislature    The Court can only declare the law as it finds it.

There is no error.   Let this be certified to the end that the Superior Court may proceed according to law.

PER CURIAM.                    Judgment affirmed.