STATE v. THOMAS LASHLEY.

*Fornication and Adultery—Indictment.*

In fornication and adultery, where the indictment charged that the defendants "did unlawfully and adulterously bed and cohabit together," without averring that they were male and female and not married; *Held* to be sufficient.

*(State* v. *Aldridge,* 3 Dev., 331; *State* v. *Dickinson,* 1 Dev. & Bat., 349; *State* v. *Cowell,* 4 Ired., 231, cited and approved.)

INDICTMENT for fornication and adultery tried at Fall Term, 1880, of ROBESON Superior Court, before *Avery, J.*

After the jury returned a verdict of guilty, the defendants, Thomas Lashley and Narcissa Monroe, moved in arrest of judgment on the ground that it did not sufficiently appear from the bill that the defendants were of different sexes. The solicitor for the state insisted, that although the defendants were not described as "male" and "female," yet the averment that they "did unlawfully and adulterously bed and cohabit together" was sufficient to negative the marriage, and by necessary implication included the allegation

that they were male and female; and that no more specific averment was needed to inform the defendants of the nature of the charge against them. The motion was overruled and the defendants appealed.

Attorney *General*, for the State.
Messrs. *Rowland & McLean*, for defendants.

SMITH, C. J. In *State* v. *Aldridge*, 3 Dev., 331, the bill of indictment was held to be defective and the judgment was arrested for want of an averment that the parties were unmarried; and delivering the opinion, RUFFIN, J., says: " The charge then is one of a man and woman bedding and cohabiting together in his house without an allegation that they had not intermarried, and without applying the epithet *adulterously* or concluding that *thereby they committed the crime of adultery.*" To make the intercourse criminal under the statute, there should be, he adds, "an express negative affirmation that they thus cohabited, not being husband and wife, or not being joined together in matrimony, or perhaps by the application of the epithet *adulterously* to it."

In *State* v. *Dickinson*, 1 Dev. & Bat., 349, there was a similar omission, and the charge was that the defendant did commit fornication with the woman, without stating the act which constituted the criminal offence, and the bill was held to be insufficient.

The present indictment does not in express terms declare the sex of the parties, but it does negative the marriage relation and charge that they did unlawfully and adulterously bed and cohabit together, and did then and there commit fornication and adultery. If the averment of an adulterous intercourse implies the absence of the marriage relation and is equivalent to a negative of it, more forcibly does it imply that the parties to it are of different sexes, and dispense of an allegation of that fact.

The bill is also free from the defect held to be fatal in *State v. Dickinson, supra,* since it does charge the commission of the acts forbidden by the statute and characterize them as making the offence of fornication and adultery. The statute does not now use the words "fornication and adultery," formerly contained in it, the distinction between which is pointed out by RUFFIN, J., in *State v. Cowell,* 4 Ired., 231, but simply prohibits the sexual intercourse, or lewd and lascivious associating and bedding and cohabiting between persons not married to each other; and we think the offence sufficiently set out in the bill.

There is no error. This will be certified that judgment may be pronounced upon the verdict.

PER CURIAM.                                          No error.