STATE v. JAMES GUEST.

*Fornication and Adultery—Evidence—Arrest of Judgment—*
*Description of Defendant in Indictment.*

1. Where a man and woman were indicted for fornication and adultery, and the female defendant pleaded guilty, and the male defendant was tried on the plea of not guilty, the husband of the woman was competent as a witness for the State.

2. It is competent to offer testimony as to acts committed by a defendant in an indictment for fornication and adultery more than two years before the bill was found, for the purpose of enabling the jury to determine whether he had committed the offence within two years ; and for the purpose of enabling them to find whether he had committed the offence in the county where the bill is found, they may hear evidence of his acts elsewhere.

3. It is no ground for arrest of judgment that a married woman, who was indicted with a man, for fornication and adultery, is described in the bill as "Spinster."

The defendant and one A. E. Wilson were indicted in the Superior Court of Transylvania County for fornication and adultery. The female defendant pleaded guilty, and the defendant Guest was tried upon a plea of not guilty, before *MacRae, J.,* at Spring Term, 1888, of said Court.

One W. P. Wilson, the husband of the female defendant, was offered as a witness on behalf of the State, and objected to on the ground that he was incompetent. The Court held that the wife having already pleaded guilty, and not being on trial, he was competent. The defendant excepted.

"Witness testified that the defendant Guest commenced coming to witness' house four or five years ago." Defendant objected, and the Court instructed the jury that they could only consider testimony as to the acts committed previous to two years before the bill was found, for the purpose of enabling them to determine whether the defendant had com-

mitted the offence charged within two years.    Defendant
excepted.

Witness testified that the defendant continued to visit his
house; that they had been friends, but the suspicions of the
witness were aroused by the frequency of the defendant's
visits, and he forbade defendant coming to his house; that
he continued to come; he would stay away a while, and then
come back again; he staid all day at witness' house after
being forbidden; witness sent him a written notice to stay
away, and soon afterwards, during last fall, the two defend-
ants went off together, and were gone for two months, when
they were arrested and brought back.

John Lewis, a witness for the State, testified to carrying
defendants in a wagon together to Hendersonville, and to
their sleeping together at that place; that he was paid by
defendant Guest for carrying them.

One Lowe testified that he went to Atlanta, last fall, with
a State's warrant, and had both defendants, whom he found
living together as man and wife, arrested and brought back
to this county.    Defendant objected to the testimony of wit-
ness as to acts of adultery in Atlanta; and this testimony
was admitted, for the purpose of enabling the jury to deter-
mine whether the defendant had been guilty of the offence
charged against him in Transylvania County.    Defendant
excepted.

After other testimony, the Court instructed the jury that,
as to acts testified to as having taken place outside the county,
or at a period of time more than two years prior to the find-
ing of the bill, they could only consider such testimony for the
purpose of enabling them to determine, whether the defend-
ant was in the habit of having sexual intercourse, with the
other defendant, in this county within two years.

There was a verdict of guilty.

The defendant moved in arrest of judgment, on the ground
that the *feme* defendant is described in the indictment as a

" spinster," whereas it appears, by the proof, that she is a married woman.

Motion denied, and defendant excepted.

Judgment; and appeal by defendant.

*The Attorney General,* for the State.

No counsel for the defendant.

DAVIS, J., (after stating the facts). The first exception is, to the competency of the husband of the co-defendant, to testify against, not his wife—for upon her plea of guilty, there was an end of the trial as to her—but against the defendant Guest, who alone is upon trial. It is settled, that persons indicted for fornication and adultery, may be tried separately, and though, from the very nature of the offence, one cannot be convicted after the acquittal of the other, nor, when tried together, can one be convicted and the other acquitted, yet when tried alone one may be convicted and punished, and even when tried together and convicted, and one of them appeals, judgment may be had against the other. *State* v. *Lyerly,* 7 Jones, 158; *State* v. *Parham,* 5 Jones, 416, and cases cited.

In the case of *State* v. *Phipps,* 76 N. C., 203, a *nol. pros.* was entered as to the female defendant, and she was allowed to testify, and prove the offence charged against the other defendant. We think the husband was a competent witness, and his evidence could not militate against his wife. He was not testifying against her.

The exceptions to the evidence of acts anterior to the period when the statute would bar, and acts beyond the limits of the county of Transylvania, though within two years, may be considered together.

" When the fact of adultery is alleged to have been committed within a limited period of time, it is not necessary that the evidence should be confined to that period, but

proof of facts anterior to the time alleged may be adduced in explanation of other acts of the like nature within the period. Thus, when the statute of limitations was pleaded, the plaintiff was permitted to begin with proof of acts of adultery committed more than six years preceding, as explanatory of acts of indecent familiarity within the time alleged." 2 Greenleaf's Ev., § 47. In our own reports, *State* v. *Kemp*, 87 N. C., 538, and *State* v. *Pippin*, 88 N. C., 646, are conclusive as to the admissibility of antecedent acts, as shedding light upon acts within the time limited; and acts committed without the limits of the county are admissible for the same purpose. As evidence, they can only be considered by the jury in determining the character of the acts committed within two years, and within the County of Transylvania, of which there must have been some evidence. They must convict or acquit, as the facts alleged are or are not proved beyond a reasonable doubt to have been committed within two years, and within the county, and the evidence was admissible in this point of view and no other, and, under the instructions of the Court, it was properly submitted to the jury.

The motion in arrest of judgment was properly refused. The indictment clearly charges the offence, and that the defendants were not united in marriage. The use of the word "spinster," after the name of the woman, could not mislead. To arrest the judgment would be an exceeding "refinement," and under § 1183 of *The Code*, an absolute mockery. *State* v. *Tally*, 74 N. C., 322; *State* v. *Lashley*, 84 N. C., 754; *State* v. *Newmans*, 2 Law Rep., 74.

There is no error.

Judgment affirmed.