CLARK v. CLARK.

(Filed September 22, 1903.)

1. DIVORCE—*Alimony—Complaint—Affidavit—The Code, secs. 1287, 1292.*

In an application for alimony *pendente lite* the affidavit and petition must be verified as required by section 1287 of The Code.

2. DIVORCE—*Alimony—The Code, sec. 1287.*

In an action for divorce from bed and board, the affidavit required by section 1287 of The Code must state that the action was not brought within six months from the time the plaintiff first acquired knowledge of the facts therein stated.

ACTION by Cora Clark against Ruffin Clark, heard by Judge *Fred. Moore,* at April Term, 1903, of the Superior

Court of BERTIE County. From a judgment for the plaintiff the defendant appealed.

No counsel for the plaintiff.
*Francis D. Winston,* for the defendant.

WALKER, J. This is an application for alimony *pendente lite.* On the 4th day of February, 1903, the plaintiff filed an affidavit in the office of the Clerk of the Superior Court, under section 1287 of The Code, in which she stated that she intended to bring an action for divorce against her husband, the defendant, and that she had not had knowledge of the facts upon which her action would be based for six months. It is provided by section 1287 of The Code that when such an affidavit is filed, the wife may reside separate and apart from her husband and secure for her own use the wages of her labor during the time of the separation. On the same day, February 4, 1903, she commenced an action against the defendant for divorce from bed and board by causing a summons to be issued, which was served upon him February 5, 1903. On February 14, 1903, plaintiff filed an affidavit, and, on the 19th day of the same month, a petition, in which she seeks alimony, alleging that she had been neglected and ill-treated by her husband. In the view we take of the case, it is not necessary to set forth her allegations more particularly. The affidavit and petition were not verified as required by section 1287 of The Code. The Court, at the hearing, granted the prayer of the affidavit and petition for alimony and ordered that the defendant should pay to plaintiff five dollars on the first day of each month during the pendency of the action. The defendant was not present when this order was made, though notice of the application had been served upon him. Afterwards his counsel moved to vacate the order of the Court, and this motion being refused the defendant

appealed. In this Court he has also moved to dismiss the action upon the ground that the Court below had no jurisdiction of it.

It appears from the foregoing statement of the facts that the plaintiff brought her action for divorce within six months after she first acquired knowledge of the facts upon which it was based. This is fatal to the plaintiff's case. It is provided by The Code, section 1287, that, in an action for "divorce or alimony or both," the plaintiff shall file with his or her complaint an affidavit setting forth the facts enumerated in that section, and we have repeatedly decided that a failure to comply with this provision of the law will prevent the Court from acquiring jurisdiction of the action. The requirement of the statute is not merely directory nor one that may be waived, but a strict observance of it is essential to confer jurisdiction upon the Court, so that it may take cognizance of the particular action. *Nichols v. Nichols,* 128 N. C., 108; *Hopkins v. Hopkins,* 132 N. C., 22. The plaintiff has not only failed to comply with this provision of section 1287, but it appears affirmatively in the record, as we have already stated, that she brought her action before the expiration of the six months from the time she first acquired knowledge of the facts, which cannot be done. The Code, section 1287. No complaint for divorce has been filed. (*Moore v. Moore,* 130 N. C., 334). There are other defects in the case not necessary to be discussed. As the Court had no jurisdiction of the action, it follows that it had no power to make the order for alimony.

The order of the Court cannot be sustained under section 1292 of The Code, as the proceeding was not instituted under that section and the averments necessary to entitle the plaintiff to relief under it are not made in this case. The plaintiff manifestly did not intend to proceed under that section, as, in her affidavit, filed February 4, 1903, she states that she

intends to bring an action for divorce, and, in the petition, she prays for alimony *pendente lite,* and not for an allowance from the estate of her husband. The Court, in its order, also provided for the payment of alimony during the pendency of the action and not for an allowance out of the estate of the husband. The one is a personal obligation of the husband, the other merely a charge upon his estate or the allotment to her of a part thereof. *Skittletharpe v. Skittletharpe,* 130 N. C., 72. It may be that plaintiff has a meritorious cause of action and that she may obtain relief by a decree for divorce or by an allowance under section 1292 of The Code, in an action or proceeding properly instituted for the purpose, but we are unable to afford her any relief in this case. The order of the Court below must be vacated and the action dismissed.

Action dismissed.