FRANK T. L. TYNES *v.* STATE OF MISSISSIPPI.

[46 South., 535.]

CRIMINAL LAW AND PROCEDURE. *Unlawful Cohabitation. Indictment. Instruction. Evidence.*

Where an indictment for unlawful cohabitation against two persons, one designated by a masculine and the other by a feminine name, charged that said persons, not being married to each other, did willfully and unlawfully cohabit together and habitually have sexual intercourse each with the other, it was not reversible error:—

(*a*) To overrule a demurrer predicated of the failure of the indictment to charge that one of the defendants was a man and the other a woman; or

(*b*) To admit evidence that one of the defendants was a married man, although the indictment did not affirmatively charge the fact; or

(*c*) To give the state an instruction authorizing a conviction without requiring a finding that one of the parties was a man and the other a woman; or

(*d*) To give an instruction for the state which, omitting the word "unlawfully," authorized a conviction on a finding that the parties were not married to each other and had cohabited and indulged in habitual sexual intercourse each with the other.

FROM the circuit court of Amite county.

HON. MOYSE H. WILKINSON, Judge.

Tynes, appellant, and one Gertrude Buckles, were jointly indicted for unlawful cohabitation; appellant was tried, convicted, sentenced to punishment and appealed to the supreme court. The third instruction for the state was in these words:

"The court instructs the jury for the state, that if you believe from the evidence in this case, beyond every reasonable doubt, that Frank L. T. Tynes and Gertrude Buckles had habitual sexual intercourse with each other, the defendant Tynes is guilty as charged and should be so found."

The facts are further stated in the opinion of the court.

*Clem Ratcliff,* for appellant.

The indictment was bad, and the demurrer ought to have been sustained. It was drawn under Code 1906, § 1029, which reads as follows, to-wit: "If any man and woman shall habitually cohabit, whether in adultery or fornication * * * etc." The indictment does not charge that either of the defendants was, a man, nor does it charge that either of the defendants was a woman. The statute itself recognizes the fact that this crime cannot be committed between persons of the same sex, and the legislature therefore said, if any man or woman, etc. This is a penal statute and it is material and necessary to allege and prove that one of the defendants was a man and the other a woman. The statute being highly penal the language of the statute must be followed, if not literally, in substance at least. Certainly the indictment must not be less specific and certain than the language of the statute under which it is drawn. 22 Cyc., 335 (e), 336, 338, 339, 340, 341; *Williams* v. *State,* 42 Miss., 328; *Lewis* v. *State,* 49 Miss., 354. The indictment is far from following the language of the statute and we are not justified in supplying the omissions by intendment.

The case ought to be reversed for the error of the court in admitting testimony over the objection of the defendant that the

defendant was a married man, living with his lawful wife, from whom he had not been divorced. Under the statute a married or a single man or woman may be guilty of the crime herein attempted to be charged and of which the appellant has been convicted, and it is immaterial, incompetent and irrelevant to allow a witness to testify that the defendant has a lawful wife.

It could not possibly have served any good and legitimate purpose or reason. It did not prove or tend to prove guilt or innocence, and was, in its character, calculated to unduly sway or warp the fairest mind.

Instruction No. 3 is erroneous in that it omits the word "unlawfully." It also omits to inform the jury that it is necessary that one of the defendants must be a man and the other a woman. The statute employs the word "unlawfully" and it is of course necessary. The statute uses the words "a man and a woman." Without these averments there is no crime. Unlawfully, is used in the indictment and it should have been in the instruction.

*George Butler,* assistant attorney general, for appellee.

The indictment alleges that the parties unlawfully cohabited; that is, lived together as husband and wife, and had sexual intercourse. Mr. Bishop says, "Adultery is the voluntary sexual intercourse of a married person with one not the husband or wife." Bishop Stat. Crim. Sec. 654. "Fornication differs from adultery in not requiring the element of marriage." Ib., 691. The statute makes cohabitation either in adultery or fornication punishable. "It is sufficient to show that the condition or relationship, whether it is avowed or concealed, which if publicly shown would lead men to characterize the woman as the mistress of the man." *Granberry v. State,* 61 Miss., 440. If the acts alleged in the indictment are proven, this requirement is met in this case. It was not necessary to use the words "adultery" or "fornication," but only such facts as shown as adulterous cohabitation or a cohabitation in fornication. The crime follows as a legal consequence of the recited acts.

It, of course, was not necessary to allege expressly that Tynes was a man and Gertrude Buckles was a woman. The indictment alleges that these people cohabited together and had sexual intercourse with each other. The words "cohabit" and "sexual intercourse" have definite and legal fixed meanings. Cohabit, in its broadest sense, means to live together as husband and wife. As used in the statute it means habitual concubinage and lying together. Sexual intercourse means coition, copulation, sexual union—the coming together of male and female in the act of generation. It is impossible that these things could be if the parties were of the same sex, besides the law does not presume that persons of the same sex would live together as husband and wife and indulge in unnatural practices.

It is not necessary to aver that the parties are of different sex. *State* v. *Fore*, 1 Ired. (N. Car.), 378; *State* v. *Hashley*, 84 N. Car., 704; *Lawson* v. *State*, 20 Ala., 65; 56 Am. Dec., 182; Bishop Dir. & For., 154.

There was no error in permitting the state to show that appellant had a living and undivorced wife. He could not be guilty of adulterous cohabitation without proving that one of the parties was married. It is impossible to see how appellant can be prejudiced by this testimony.

CALHOON, J., delivered the opinion of the court.

The material part of the indictment is in these words: "That Frank T. L. Tynes and Gertrude Buckles, late of the county aforesaid, on the 19th day of August, A. D. 1907, in the county aforesaid, did then and there wilfully and unlawfully cohabit together and have sexual intercourse with each other, they, the said Tynes and Buckles, not then and there being married to each other." The demurrer to the indictment, assigning as cause that it did not charge the one to be a man and the other a woman was properly overruled. *State* v. *Lashley*, 84 N. C., 754. The parties could not unlawfully cohabit and have "habitual sexual intercourse," being not married, without being man

and woman. The objection is too technical. It could not have done any hurt to do as the court did—allow evidence that the appellant was a married man.

The objections to the granting of the third instruction for the state are equally without merit. It is immaterial that the charge did not say that the one was a man and the other a woman. It is not fatal, on this whole record, to omit the word "unlawfully." The charge was given on the facts before the court, and if the jury believed from the proof that there was habitual sexual intercourse it was manifestly unlawful. The unlawfulness in this case could not be controverted if the jury believed that there was the habitual sexual intercourse, which was the real point in the case.

*Affirmed.*