### W. A. KINNEY v. MARY E. KINNEY.

(Filed 9 December, 1908).

1. **Divorce, Knowledge of Grounds of—Pleadings—Issues—Affidavit —Jurisdiction.**

    It is not required by the statute, Revisal, sec. 1563, that the plaintiff allege in the complaint, in an action for divorce, his' knowledge of the grounds therefor at least six months prior to its filing, and such matter is not issuable. The Court acquires jurisdiction when the proper affidavit is made.

2. **Divorce—Pleadings—Abandonment—Defense—Proof.**

    In an action for divorce *a vinculo* brought by the husband against the wife, the defense of abandonment, if relied on, should be set up in the answer, as it is not required of the plaintiff to plead and prove that he has not abandoned his wife, under Revisal, sec. 1564.

3. **Divorce—Pleadings—Abandonment, Allegations of.**

    In an action for divorce *a vinculo* brought by the husband against the wife, an allegation in his complaint that the adultery was committed without the husband's procurement and without his knowledge or consent, and that he has not cohabited with her since he discovered her acts of adultery, does not imply his abandonment of her or put that matter at issue.

4. **Divorce—Pleadings—Specific Acts—Issues.**

    In an action for divorce *a vinculo*, an issue as to a specific act of adultery was properly submitted, if raised by the pleadings and germane to the inquiry.

5. **Divorce—Evidence—Specific Act.**

    Testimony of a witness to an act of adultery, not embraced by the issue submitted in an action for divorce *a vinculo*, is competent, when tending to explain the previous relations of the parties.

ACTION tried before *Councill, J.,* and a jury, May Term, 1908, of ROWAN.

This is an action by the plaintiff against the defendant, his wife, for divorce. It is alleged in the complaint that the defendant committed adultery with H. L. Reynolds in February, 1905, in the city of Washington, and in the same month in the city of Richmond, Va., and in February or

March, 1906, in Spencer, N. C. In the seventh section of the complaint, the plaintiff alleged:

"That each and all of said acts of adultery were committed without the consent, connivance, privity or procurement of the plaintiff, and that the plaintiff has not voluntarily cohabited with defendant since the discovery by him of the commission by the defendant of the several acts of adultery complained of."

The defendant filed an answer in which she denied all the allegations of the complaint, except the first and second as to the marriage and the residence of the plaintiff, which were admitted.

The issues and the answers thereto were as follows:

"1. Did plaintiff and defendant intermarry as alleged in the complaint?"

Answer. 'Yes.'

"2. Has plaintiff been a resident of the State of North Carolina for two years next preceding the commencement of this suit?

Answer. 'Yes.'

"3. Did the defendant and H. L. Reynolds commit adultery in the city of Richmond, Va., in February, 1905, as alleged in the complaint?

Answer. 'No.'

"4. Did defendant and H. L. Reynolds commit adultery in Coppel's room in the Wachovia Loan and Trust building in the town of Spencer, N. C., as alleged in the complaint?

Answer. 'Yes.' "

Judgment was rendered upon the verdict for the plaintiff, and defendant appealed.

The defendant tendered the following issues, which the court refused to submit:

"5. Did the plaintiff have the knowledge of the adulteries alleged in the complaint to have been committed the last of February and about the first of March, 1906, for six months

prior to the beginning of the suit, or the filing of the complaint?

· "6. Did the plaintiff separate himself from the defendant on August 23, 1905, and has he since lived separate and apart from her?"

Defendant excepted. There was evidence that the plaintiff separated from his wife August 23, 1905.

The defendant requested the Court to give the following instructions to the jury:

"1. If the jury believe the evidence of plaintiff, the plaintiff abandoned and separated himself from defendant the 23rd day of August, 1905, and has lived separate and apart from her ever since. There is no evidence as to this fact, except that introduced by the plaintiff, W. A. Kinney.

· "2. If the jury believe the evidence of the plaintiff, they should find that he did not have knowledge of the alleged adultery charged to have been committed the last of February and about the first of March, 1906, as charged in the complaint, for six months before the beginning of this action. The action was begun October 10, 1906; the complaint was filed October 11, 1906. It is not enough that he should have had a mere belief or suspicion, but he must have had reasonable knowledge or actual knowledge." The instructions were refused, except as given in the general charge. Defendant excepted.

The Court charged the jury fully upon the issues and evidence. There was no objection to any part of the charge, except the following:

"1. It is the law of this State that if the wife shall commit adultery, the husband is entitled to a divorce, and in a suit brought by the husband against his wife, if it is shown from the evidence, whether circumstantial or otherwise, that is, shown from the evidence, strong, convincing and conclusive, that the wife has committed an act of adultery, this entitles the husband to a divorce. Much has been said during the

course of the argument by counsel representing the defend-
ant, as to the effect of a husband abandoning his wife, and
after doing so, suing her for divorce upon the ground that she
committed an act of adultery after the husband had aban-
doned her.   Whatever the law may be with reference to a
condition of this kind, is not a matter for you to consider in
answering the issues submitted to you.   The Court has seen
proper to refuse to submit an issue of abandonment as ten-
dered by the defendant, upon the ground that none such
arises upon the pleadings or upon the evidence, and hence,
as before stated, you are not to consider whether there was,
or was not, an abandonment of the defendant by the plaintiff.

"2. It is further urged before you that the plaintiff did
not wait the necessary length of time required by the statute
of this State before bringing this suit, and the defendant has
tendered an issue as to this view.   The Court has declined
this issue, as, in the view of the law entertained by the Court,
this issue does not arise upon the pleadings or the evidence,
and hence you are not to consider this question."

The defendant excepted to the ruling of the Court admit-
ting the testimony of John P. Wingate, as to the act of adul-
tery between Reynolds and the defendant in Hedrick's field,
in October, 1905.

The defendant introduced no testimony, and at the close
of the testimony introduced by the plaintiff, moved to non-
suit the plaintiff.   This motion was denied and defendant
excepted.

*T. C. Linn* and *Burton Craige* for plaintiff.

*R. Lee Wright, P. S. Carlton, T. M. Argo* and *T. F. Kluttz*
for defendant.

WALKER, J.   The Court properly refused to submit the
issues tendered by the defendant.   Whether the plaintiff
had knowledge of the adultery in Spencer between his wife
and H. L. Reynolds in February or March, 1906, was not an

issuable fact in this case.    The statute does not require that such knowledge should be alleged in the complaint, but in the affidavit or verification of the pleading.    When the proper affidavit is made the Court acquires jurisdiction of the cause. *Hopkins v. Hopkins,* 132 N. C., 22; *Clark v. Clark,* 133 N. C., 28.    The pleadings in the action present the issue which should be submitted to a jury.

The other issue tendered by the defendant, if correct in form, was not raised by the pleadings.    If the defendant intended to rely on wrongful abandonment by the plaintiff in order to defeat his application for a divorce, she should have alleged it in her answer, and for the same reason that it is necessary to plead condonation or re-crimination for the same purpose.    The statute only provides, that in actions for divorce the material facts alleged in the complaint shall be deemed to be denied by the plaintiff, whether actually denied in a pleading or not.    Revisal, sec. 1564.    This does not mean that the defendant is not required to plead new matter which may, if found to be true, defeat the right to a divorce, and it has been so decided.    In *Steel v. Steel,* 104 N. C., at p. 637, this Court held, "that party who asks the Court to grant a divorce from the bonds of matrimony, is not bound to set forth, or prove as a prerequisite to granting the prayer of the petition, the negative averment, that he has not himself been guilty of adultery, or is not in fault.    In *Edwards v. Edwards,* 1 Phil. L., 534, Chief Justice Pearson suggests, that if such a 'test oath' were imposed, it might prove good policy, as it would force a petitioner to purge his conscience and probably prevent a great many applications for divorce. The plaintiff is not held bound to anticipate and negative in advance all grounds of defence to the action he brings, and petitions for divorce do not constitute an exception to the general rule," citing *Edwards v. Edwards,* 61 N. C., 534; *Horne v. Horne,* 72 N. C., 530; *Toms v. Fite,* 93 N. C., 274. In *House v. House,* 131 N. C., at p. 143, the present Chief

Justice, referring to the question of abandonment says: "But . such conduct is not here pleaded in the answer, nor found by the jury, nor any issue offered, nor any prayers for instruction on that aspect, nor is it clear that the evidence would have justified the submission of such issue, if such matter had been pleaded." See also 14 Cyc. p. 671; *Smith v. Smith,* 4 Paige's Ch. 432; *Jones v. Jones,* 18 N. J., Eq., 33. In *Tew v. Tew,* 80 N. C., 316, it appears from the original transcript filed in this court that the issue, as to the abandonment of the husband, if not raised by the pleadings, was submitted without objection.

We do not think the allegation of the seventh section of the complaint, when properly construed and considered in connection with the denial of it in the answer, raised an issue as to abandonment. There is nothing said about abandonment, but the allegation simply is that the adultery was committed without the husband's procurement and without his knowledge or consent. He might have procured the adultery to be committed or consented to it, even if he had continued to live with his wife. The language used in section seven of the complaint, taken in its ordinary sense, does not imply that he had abandoned his wife, so as to put the matter in issue.

The defendant's objection to the submission of the fourth issue was not well taken. In any view of the case the issue was raised by the pleadings and was proper for the consideration of the jury.

The testimony of the witness, John P. Wingate, as to the act of adultery in Hedrick's field, was competent as tending to explain the previous relations of the parties. *State v. Wheeler,* 104 N. C., 893; *State v. Stubbs,* 108, N. C., 774; *State v. Guest,* 100 N. C., 410; *State v. Raby,* 121 N. C., 682; *Toole v. Toole,* 112 N. C., 152.

There was no error in refusing to give the instructions requested by the defendant, or in overruling the motion to

nonsuit. That follows from what we have already said as to the other exceptions, as it is not contended that there was no evidence to support the finding upon the fourth issue. This disposes of all the defendant's exceptions.

No error.