STATE v. NEILL BRITT AND ILA DAVIS.

(Filed 24 March, 1909.)

**Indictment, Bill of—Sufficiency—Fornication and Adultery.**

> A bill of indictment for fornication and adultery sufficiently
> alleges the offense, under the statute (Revisal, sec. 3350), when it
> charges that a certain man and woman, by name, "did unlaw-
> fully bed and cohabit together." (Revisal, sec. 3254.)

INDICTMENT for fornication and adultery, tried before *Biggs,
J.,* and a jury, at December Term, 1908, of ROBESON.
Defendants appealed.

*Attorney-General* for the State.
*Wishart & Britt* and *McLean, McLean & Snow* for defend-
ants.

CLARK, C. J. The defendants were convicted of the misde-
meanor denounced by the Revisal, sec. 3350, commonly styled
the offense of fornication and adultery. Motion in arrest of
judgment for defect on the face of the bill was denied, and de-
fendants appealed.

The Revisal, sec. 3350, provides: "If any man and woman,
not being married to each other, shall lewdly and lasciviously
associate, bed and cohabit together, they shall be guilty of a mis-
demeanor." This indictment charges that "Neill Britt, man,
and Ila Davis, woman, not being married to each other, * * *
did unlawfully bed and cohabit together." This charges every
essential element of the offense. It certainly gave the parties
full notice of the crime for which they were tried, which is the
sole object and office of the indictment. In *State v. Jolly,* 20
N. C., 113, *Gaston, J.,* says: "To prevent future controversy,
we deem it proper to say that, as we understand the law, the
offense is sufficiently described by charging an unlawful 'bed-
ding and cohabiting together.'" That is conclusive of this case.

The Revisal, sec. 3254, provides that any warrant or indict-
ment "shall be sufficient in form for all intents and purposes
if it express the charge against the defendant in a plain, intel-
ligible and explicit manner, and the same shall not be quashed

nor the judgment thereon stayed by reason of any informality or refinement, if in the bill or proceeding sufficient matter appears to enable the court to proceed to judgment." The charge that two persons of opposite sex did "unlawfully bed and cohabit together" can convey but one signification. It has long been held that the words "lewdly and lasciviously" are not necessary to be used. *State v. Stubbs,* 108 N. C., 776; *State v. Lashley,* 84 N. C., 754; *State v. Lyerly,* 52 N. C., 158; *State v. Tally,* 74 N. C., 322. In the last-named case *Settle, J.,* says of the indictment: "I believe it is a copy of an old and well-approved form, long in use by the solicitors of this State, yet it contains manifestly needless averments." In *State v. Lashley, supra, Smith, C. J.,* held that failure to allege that the parties were of different sex and were not married was cured by inserting the word "adulterously."

The word "bed" is here a verb and means to habitually go to bed with, *i. e.,* habitual sexual intercourse. The Supreme Court of Pennsylvania, discussing the meaning of these words, says: "In all times, in every age, and by all writers, sacred and profane, in the language of scripture and in the language of law, these words, except as between man and wife, signify and impute illicit intercourse, and with them it imports the rite of hallowed love." *Walton v. Singleton,* 10 Am. Dec., 473. So that, if the indictment had simply alleged that the defendants, not being married to each other, did habitually bed together, it would have charged the offense denounced by the statute.

The bill here charges, "did unlawfully bed and cohabit together." What does "cohabit" mean when applied to persons of opposite sex? The Standard Dictionary says: "(1) Law. To dwell together as man and wife, popularly, in the sense of having sexual intercourse." Anderson's Law Dictionary: "In criminal statutes, to live together as husband and wife." The words "bed and cohabit" are the words chosen by the statute to express the charge of illicit intercourse. From long use in criminal statutes they have been translated as the equivalent of "fornication and adultery." But these latter words are not in the statute. The indictment follows the statute, omitting only redundant words. "Fornication and adultery" may require

some definition or explanation; "bedding" and "cohabiting" require none. The facts cannot be stated in stronger or clearer language.

Affirmed.