FRED A. SMITHDEAL v. NONNIE M. SMITHDEAL.

(Filed 11 April, 1934.)

**Divorce A d—Cause of action need not have existed for six months in action for divorce by either party on ground of two years separation.**

In an action for divorce on the ground of two years separation, brought by either party under chapter 72, Public Laws of 1931, as amended by chapter 163, Public Laws of 1933, Michie's Code, 1659(a), it is not required that the jurisdictional affidavit, required by 1661, contain the averment that the facts set forth in the complaint, as grounds for divorce, have existed to the knowledge of plaintiff at least six months prior to the filing of the complaint, the legislative intent to this effect being apparent from the proviso in the act of 1925, dispensing with the necessity that the cause of action should have existed for six months when the grounds for divorce is separation, the period of separation then being prescribed as five years, which was reduced to two years by the act of 1931.

ADAMS, J., dissenting.

APPEAL by plaintiff from *Shaw, Emergency Judge,* at October Term, 1933, of FORSYTH.

Civil action for divorce under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659(a), on the ground of separation of husband and wife for two years.

Plaintiff has been a resident of the State all his life; he and the defendant were married 20 July, 1922; they separated 28 July, 1931, and have lived separate and apart continuously since that date; summons in this action was issued 7 August, 1933, served 26 August, 1933; complaint filed at the time of issuing summons. It is not alleged that plaintiff is the injured party.

The affidavit filed with the complaint contains no averment that the grounds for divorce "have existed to the knowledge of the plaintiff at least six months prior to the filing of the complaint." Indeed, it appears the action was instituted within a month following the expiration of the two-year period of separation.

There was a verdict establishing the above facts, and, upon motion of defendant, the action was dismissed, the court being of opinion that said action cannot be maintained under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659(a), "for the reason that the pleading and proof disclose the cause of action did not arise six months before the institution of the suit."

Plaintiff appeals, assigning errors.

*Parrish & Deal for plaintiff.*
*Fred S. Hutchins for defendant.*

STACY, C. J. When an action for divorce is brought by either party under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659(a), on the ground of separation of husband and wife for two years, is it necessary that the jurisdictional affidavit, required by C. S., 1661, contain the averment that the facts set forth in the complaint, as grounds for divorce, have existed to the knowledge of the plaintiff at least six months prior to the filing of the complaint? The answer is, No.

The statute under which the plaintiff is proceeding provides that marriages may be dissolved on application of either party "if and when there has been a separation of husband and wife . . . for two years."

C. S., 1661, provides that the plaintiff in an action for divorce shall file with his or her complaint an affidavit setting forth, among other things, that the grounds for divorce have existed to his or her knowledge at least six months prior to the filing of the complaint. But this section was amended by chapter 93, Public Laws, 1925, as follows: *"Provided, however,* that if the cause for divorce is five years separation, then it shall not be necessary to set forth in the affidavit that the grounds for divorce have existed at least six months prior to the filing of the complaint, it being the purpose of the act to permit a divorce after separation of five years and without waiting an additional six months for filing the complaint."

At the time of this amendment, five years' separation was required as ground for an absolute divorce. C. S., 1659. The question then arises: Does this proviso, eliminating the necessity of waiting six months after the expiration of the requisite period of separation, when the ground for divorce is that of separation, still apply with the reduction in time from five to two years?

This reduction was made in two ways: First, by chapter 397, Public Laws, 1931, amending C. S., 1659, which brought forward the substance of the proviso added to C. S., 1661, in 1925; and, second, by chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659(a), which is an independent act, giving either party the right to sue, and omits any reference to the jurisdictional affidavit.

It is the contention of the defendant that, since the amendment to C. S., 1659, specifically brought forward the substance of the 1925 amendment to C. S., 1661, and the independent act, chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659(a), giving either party the right to sue, omits any reference to the jurisdictional affidavit, the intention of the Legislature is manifest, that in actions under this latter statute, an additional period of six months following the two years separation, shall elapse before the filing of the complaint.

SMITHDEAL *v.* SMITHDEAL.

If the defendant's interpretation of the statutes be correct, the result is, that the required length of separation under C. S., 1659, as amended, is two years, while the required length of separation under Michie's Code, 1659(a), is two years and six months. *Nichols v. Nichols,* 128 N. C., 108, 38 S. E., 296; *Carnes v. Carnes,* 204 N. C., 636, 169 S. E., 222.

We think the General Assembly intended to make the period of separation the same under both statutes. For this intention, reference is had to the declaration of policy in the proviso of 1925, "it being the purpose of the act to permit a divorce after a separation of five (later reduced to two) years without waiting an additional six months for filing the complaint," and to the use of the expression "if and when" in Michie's Code, 1659(a), the words "and when" not appearing in C. S., 1659. Furthermore, the reason for the six months requirement in the affidavit does not exist when separation is the ground for the divorce. *Taylor v. White,* 160 N. C., 38, 75 S. E., 941. The plaintiff is entitled to judgment on the verdict.

Reversed.

ADAMS, J., dissenting: It is admitted that the action was brought under chapter 72, of the Public Laws of 1931, as amended by chapter 163, of the Public Laws of 1933, herein set forth. No other act is applicable.

The separation of the parties occurred on 28 July, 1931, and the summons was issued on 7 August, 1933, within less than six months after the expiration of the two-year period. The verification of the complaint omits the allegation that the grounds for divorce "have existed to the knowledge of the plaintiff at least six months prior to the filing of the complaint." Judge Shaw held that the omission was fatal and that the action could not be maintained. *Nichols v. Nichols,* 128 N. C., 108; *Martin v. Martin,* 130 N. C., 27; *Hopkins v. Hopkins,* 132 N. C., 23; *Clark v. Clark,* 133 N. C., 28.

Section 1659, of the Consolidated Statutes is entitled, "Grounds for absolute divorce." With the exclusion of the amendment of subsection four contained in chapter 397, Public Laws, 1931, which is not pertinent to the immediate question, the law provides that marriage may be dissolved on application of the injured party, "if there has been a separation of husband and wife, whether voluntary or involuntary, provided such involuntary separation is in consequence of a criminal act committed by the defendant prior to such divorce proceedings, and they have lived separate and apart for five successive years, and the plaintiff in the suit for divorce has resided in this State for that period." C. S., 1659(4).

Amending this subsection in 1933, the General Assembly enacted the following statutes, which became effective when ratified:

"Section 1. That section one thousand six hundred and fifty-nine, subsection four, of the Consolidated Statutes of North Carolina, be, and the same is hereby amended by striking out the word 'five' in line two of said subsection, and inserting in lieu thereof the word 'two,' and by striking out after the word 'for' in line three of said subsection, the words 'that period,' and inserting in lieu thereof the words 'one year.'

"Section 2. That it shall not be necessary to set forth in the affidavit filed with the complaint in suits brought under subsection four of section one thousand six hundred fifty-nine that the grounds for divorce have existed at least six months prior to the filing of the complaint, nor to allege or prove such fact.

"Section 3. That section one thousand six hundred sixty-one of the Consolidated Statutes of North Carolina be amended by striking out the words 'two years,' in line eleven, following the word 'for' and preceding the word 'next' and inserting in lieu thereof the words 'one year.'

"Section 4. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed." Public Laws, 1933, chap. 71.

At the session of 1931 the Legislature passed the following statute:

"Section 1. Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under deed of separation or otherwise, and they have lived separate and apart for five years, and no children have been born to the marriage, and the plaintiff in the suit for divorce has resided in the State for that period.

"Section 2. That this act shall be in addition to other acts and not construed as repealing other laws on the subject of divorces.

"Section 3. That this act shall be in force from and after its ratification." Public Laws, 1931, chap. 72.

It is important to notice the significance of the second section. It describes the statute as an independent act, as an addition to other acts, and as repealing no other law. It is not an amendment of section 1659 or section 1661. This will become more manifest by reference to chapter 397, Public Laws, 1931, which is designated subsection five of section 1659—chapter 72 above cited having no placing under section 1659 and purporting to have no relation to any other section.

In 1933 chapter 72 of the Public Laws of 1931 was amended and reads as follows:

"Section 1. Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party,

if and when there has been a separation of husband and wife, either under deed of separation or otherwise, and they have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of one year.

"Section 2. That all laws and clauses of laws in conflict with the provisions of this act are hereby repealed." Public Laws, 1933, chap. 163.

The present action was brought under this section. This, as I have said, is admitted. Section 2, chapter 71, Public Laws, 1933, has no application to chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933.

The case, then, is this: In 1933 the General Assembly enacted two statutes relating to divorce, one of which is independent of and unrelated to the other. The one first enacted provides that it shall not be necessary to set forth in the affidavit filed with the complaint in suits brought under subsection four of section 1659 that the grounds for divorce have existed at least six months prior to the filing of the complaint; the statute last enacted contains no such provision. It is obvious that the section, as to the affidavit, is restricted to suits brought under the fourth subsection of section 1659. *Expressio unius est exclusio alterious.*

The use of the words "if and when" is not conclusive. If so, why was it necessary to insert the provision concerning the affidavit in the statute amending subsection four when the word "if" is found in the original act?

Chapter 71, *supra,* reduces the period of separation, when the suit is brought under subsection four of section 1659 from five to two years. Neither statute purports to amend section 1661. Neither chapter 397, Laws of 1931, nor chapter 72, Laws of 1931, as amended by the act of 1933, makes reference to the proviso in section 1661.

The proper interpretation of this act is properly stated, I think, in the following excerpt from "A Survey of Statutory Changes" published in the North Carolina Law Review, Vol. 11, No. 4, p. 222: "A difficulty is created by reason of the fact that the first of these two amendatory measures, chapter 71, is fitted in with C. S., 1661, while the second, chapter 163, is not. C. S., 1661, requires the plaintiff seeking divorce to file an affidavit setting forth, among other things, that the grounds for the divorce have existed to the plaintiff's knowledge for six months prior to the filing of the complaint. Divorce for 'five years separation,' which of course included divorce under either C. S., 1659 (4) or the act of 1931, before they were amended, was exempt from this requirement. Naturally divorce for two years separation, *i. e.,* divorce under the new amendments, would not be included in the exemption. Chapter 71, paragraph

two takes care of the matter by specifically providing that plaintiff's affidavit in suits brought under C. S., 1659 (4) need not set forth that the grounds for divorce have existed for six months prior to the filing of the complaint. But the Legislature did not include in chapter 163 a section similar to chapter 71, par. 2. Therefore it would seem that divorces under the act of 1931 are subject to the requirement that the grounds must have existed to plaintiff's knowledge for six months before suit. This follows because C. S., 1661, excepts divorces for 'five years separation' and divorces under the act of 1931 are now for two years separation. It could be argued that divorce for two years separation has succeeded divorce for five years separation and should succeed to the exemption also, but the flaw in the argument is that the legislature specifically exempted divorces under C. S., 1659 (4), and if it had intended the same result for divorces under the act of 1931 it would have made the same specific exemption." See, also, Popular Government, by Institute of Government, p. 173.

It may be desirable to have the statutes uniform, but I do not concur in the statement that they are uniform. We can ascertain the intent of the Legislature only by the language it has used. *McIver v. McKinney,* 184 N. C., 393.

In my opinion the judgment of the Superior Court is correct and should be affirmed.