CONSIDER BOOSHEE v. L. M. SURLES.

*Costs—Suit by Pauper.*

Under the act of 1868–69, ch. 96, § 3, wherever one sues *in forma pauperis*, no officer shall require of him any fee, and if successful in his suit he shall recover no costs.

(*Morris* v. *Rippy*, 4 Jones, 533, cited and approved.)

MOTION to retax costs heard at Spring Term, 1880, of HARNETT Superior Court, before *Eure, J.*

*Mr. N. W. Ray,* for plaintiff.
*Mr. W. A. Guthrie,* for defendants.

SMITH, C. J.   The plaintiff suing *in forma pauperis* under the statute, recovered judgment against the defendant L. M. Surles for a certain sum, and against his associate defendant J. C. Surles for the one-eleventh part thereof, to be when paid a reduction *pro tanto* of the debt.   The fees of the plaintiff's witnesses were omitted in the bill of costs, and after notice the present motion is made in their behalf to tax those fees against both defendants.   Upon the hearing the court allowed a reformation of the judgment, so as to charge L. M. Surles with ten-elevenths, and J. C. Surles with the remaining one-eleventh of the sum due for the attendance of the witnesses.   From so much of the judgment as refuses to tax the latter with the entire amount, the plaintiff and his witnesses appeal.

Under the former law allowing a poor person to sue at the discretion of the judge without paying costs or giving security for the prosecution of his suit, it is provided that counsel shall be assigned to attend to his case who shall not charge therefor, and that "no costs shall be charged to such person by any officer of the court." Rev. Code, ch. 31, § 43. This statute has been construed to embrace only the officers of the court, and that witnesses are not required to give their time and labor to any person, not even to one suing *in forma pauperis*, without compensation therefor.   And while they are bound when subpoenaed to attend and give their testimony, they may receive for their attendance from the plaintiff the sums due them, or file them in the clerk's office and have them collected from the defendant, if the

plaintiff succeeds in his action.   *Morris* v. *Rippy*, 4 Jones, 533.

Referring to an ancient but disused practice of giving a plaintiff allowed to sue without payment of costs, if nonsuited, an election to pay costs or be whipped, Mr. Justice BLACKSTONE declares the rule to be that a pauper may recover costs though he pays none, except voluntarily, for that the " counsel and clerks are bound to give their labor to him, but not to his antagonist." 3 Blk. 400.   This right is limited to such as he is out of pocket, not such sums as another plaintiff might be entitled to recover.   *Rice* v. *Brown* 1 B. & P. 39 ;  Beavens Costs 121.

The present statute in force was evidently intended to prevent the reimbursement of the plaintiff any costs he may have chosen to pay to witnesses to secure their attendance, in declaring that whenever any person shall sue as a pauper no officer shall require of him any fee, *and he shall recover no cost.*   Acts 1868-'69, ch. 96, § 3.   The change in phraseology we think was intended to declare that as he paid none of the defendant's costs if he failed, so if successful in his action the defendant should be taxed with none of his costs. This act in connection with other contemporary legislation ameliorates the rigors of the pre-existing law in regard to witnesses who are not compelled to attend for more than one day if the party summoning shall on presentation of the certificate of such attendance fail to pay what may be then due them, unless summoned for the state or a municipal corporation.   Acts 1868-'69, ch. 280, sub. chap. 11, par. 3.

We think there was no error in the refusal to charge the defendant, J. C. Surles, with the residue of these fees, and as no exception is taken by the defendants to the judgment rendered apportioning the charge between them, it will not be disturbed.

No error.                                      Affirmed.