HOLLOMAN v. HOLLOMAN.

(October 9, 1900.)

1. *Divorce—Amended Complaint—Affidavit of Good Faith —Judgment.*

> Where a complaint sets forth abandonment for one year, and demands divorce from bed and board, under Laws 1895, chap. 277, and is amended, setting forth ·abandonment for one year, and demanding an absolute divorce under Laws· 1899, chap. 211, the failure to file affidavit of good faith with amended complaint renders it inoperative, and it will not support a decree for an absolute divorce; but plaintiff may in the court below move for judgment from bed and board.

CIVIL ACTION by *Kindred Holloman·v. Sarah A. D. Holloman,* heard by Judge *A. L. Coble,* at Spring Term, 1900, of HERTFORD Superior Court. From judgment for plaintiff, the defendant appealed.

*Francis D. Winston,* for plaintiff.
*George Cowper,* for defendant.

MONTGOMERY, J.    This action was commenced under sec: 1286 of The Code for a divorce *a mensa et thoro.* It was begun after the passage of the act (chap. 277, Laws. 1895,) which provided for divorces a vinculo in cases of abandonment for two years, but before the expiration of two years from the time of the abandonment of the plaintiff by the defendant, his wife. After the enactment of chap. 211 of the Laws of 1899, which amended the act of 1895 by susbstituting one year's abandonment for the two prescribed by the act of 1895 as the cause of divorce a vinculo, the plaintiff amended his complaint so as to allege abandonment for even more than two years, and prayed for a divorce a vinculo. The original complaint was filed at the Spring or Fall Term of the Su-

perior Court (the record does not show clearly when), and was accompanied by the affidavit required by sec. 1287 of The Code. The amendment set forth the same cause for divorce as that set out in the original complaint, viz.: abandonment by the wife, but there was a prayer for judgment for divorce from the bonds of matrimony. It was filed at the Fall Term, 1899, of the Superior Court, and was not accompanied by the affidavit required by The Code. No exception in the record appears to have been made to the order allowing the amended complaint, or to the matter or nature of the complaint, or to the failure of the plaintiff to file the affidavit required in such cases, and these points are raised for the first time in this Court. The amended complaint covers the period between the time of the filing of the original complaint and the time of the filing of the amendment as to the abandonment of the plaintiff by the defendant, and was not accompanied by the affidavit required by law.

We are of the opinion that the paper filed as an amended complaint is totally inoperative, because of the plaintiff's failure to have it accompanied with the proper affidavit, and that the Courts can not dispense with the requirement to file the affidavit. That requirement is for the good of the public at large, and not for the convenience or benefit of the parties to the action. The affidavit was intended to prevent bad faith and collusion on the part of the parties to the action, and is an indispensable part of the complaint and application and, if it is wanting, there is no jurisdiction in the Courts. *DeArmond v. DeArmond*, 92 Tenn., 40. Our Court, in the case of *Foy v. Foy*, 35 N. C., 90, recognized the correctness of the same principle, but did not decide the case before it on that point.

The plaintiff, under his original complaint and the issues submitted and the verdict rendered, was entitled to a decree

for a divorce from bed and board, and in the Court below he will be allowed to move for such a judgment on the record —that is, on the complaint, answer, issues, and verdict,—or to take a non-suit, and commence a new action for a divorce *a vinculo,* under the act of 1899.

Error.