NICHOLS v. NICHOLS.

(Filed April 9, 1901.)

1. DIVORCE—*Affidavit*—*The Code, sec. 1287*—*Jurisdiction.*

All the requisites mentioned in the affidavit required by section 1287 of The Code are mandatory, and a failure to set out these averments in the affidavit ousts the superior court of jurisdiction.

2. JURISDICTION—*Exceptions and Objections*—*Supreme Court.*

Exception to the jurisdiction may be made for the first time in the Supreme Court.

ACTION by Dicey Nichols against William Nichols, heard by Judge *E. W. Timberlake* and a jury, at November Term, 1900, of FORSYTH County Superior Court. From a judgment for plaintiff, the defendant appealed.

*Jones & Patterson,* for the plaintiff.
*Watson, Buxton & Watson,* for the defendant.

MONTGOMERY, J. The appellant, in this Court, moved to dismiss the action on the ground that the Superior Court did not have jurisdiction upon the complaint, to try the case. The action was for divorce *a vinculo,* and the affidavit accompanying the complaint did not contain one of the averments prescribed in The Code, Section 1287. There was omitted from the affidavit the statement that the facts set forth in the complaint as ground for divorce had existed to plaintiff's knowledge at least six months prior to the filing of the complaint. The question, then, is presented, Do the matters

which are required to be set forth in petitions for divorce, The Code, section 1287, affect the jurisdiction of the Court, or are they matters merely directory, and if not complied with, demurrable only, and cured by verdict and judgment in the cause if not demurred to? There is no fault found with the complaint in the case. In *Dickinson v. Dickinson,* 7 N. C., 327, this Court said, "It should, however, be distinctly stated in the affidavit that the petitioner knew of the facts charged six months before the filing of the petition; and this that the application may appear to the Court not dictated by passion or resentment but an affair of deliberation." That point was decided, as the Court said, that it might serve to prevent fruitless litigation and settle the practice in other cases; the case, however, had been disposed of on another point upon which the argument in chief had been made. It is true that that decision was rendered upon the statute of 1814, brought forward in the Revised Statutes, chapter 39, and that section 6 of that act declared that, "No petition for divorce *should be sustained* unless the petitioner stated and swore to the facts, the ground of his or her complaint had existed to her knowledge at least six months prior to the filing of the petition." That section also declared that no person should be *entitled* to sue under the act unless he or she should have resided within the State three years immediately preceding the exhibition of his earlier petition. Nevertheless, we are of the opinion that although the prohibitory words in section 6 of the act of 1814 in reference to the maintenance of actions in divorce, unless the requirements of the section are cmplied with, are not used in section 1287 of The Code, yet the materiality of these requisites is not lessened so as to affect the matter of jurisdiction of the Courts. It is necessary in order that the Courts may take jurisdiction of the matter of divorce that each and all of the requisites mentioned in the affidavit required by The Code, sec. 1287, shall be set out and sworn to

by the plaintiff. The requirements are mandatory. The matter of divorce not only affects the parties immediately concerned, but the whole fabric of our social life; and the Courts, before they will act, must see that a fit case is before them to be heard, and that can not be seen under our statute unless all the matters required by section 1287 of The Code are set out in the affidavit accompanying the complaint, as well as that the complaint should set out a good cause of action. The policy of the law in requiring the averment in the affidavit that the knowledge of the facts which are alleged as the grounds for divorce have existed six months prior to the filing of the complaint, appears in the quotation which we have made from the opinion of the Court in *Dickinson v. Dickinson, supra.*

The motion was properly made in this Court, although made for the first time. *Ladd v. Ladd,* 121 N. C., 118.

The action is dismissed.