## HOPKINS v. HOPKINS.

(Filed February 24, 1903.)

DIVORCE—*Affidavit—Verification—The Code, Secs. 257, 258, 1287.*

The usual verification of a complaint in a civil action is insufficient as an affidavit such as is required by section 1287 of The Code, in an action for divorce.

ACTION by Julia A. Hopkins against R. B. Hopkins, heard by Judge *Francis D. Winston,* at Spring Term, 1902, of the

Superior Court of PAMLICO County.   To an order allowing alimony *pendente lite,* the defendant appealed.

*L. J. Moore,* for the plaintiff.
*D. L. Ward,* for the defendant.

WALKER, J.   This is an action for divorce in which an application was made in the Court below for alimony *pendente lite,* and to the order allowing alimony the defendant excepted.   It is not necessary that we should consider this exception, as our decision of the case must turn upon another question presented by an exception of the defendant, which affects the plaintiff's' right to longer maintain or prosecute this action.

The defendant moved in the Court below to dismiss the action, because the complaint is defective, and renewed the motion in this Court.   He specially alleges here, as one of the grounds of the motion, that the complaint is not properly verified.   The verification is in the following words: "Julia A. Hopkins, being duly sworn, says she has heard read the foregoing complaint; that the facts set forth therein are true of her own knowledge, except the facts therein set forth on information and belief, and as to them she believes it to be true."

This verification does not conform to the requirements of The Code, Section 1287.   In the case of *Nichols v. Nichols,* 128 N. C., 108, this Court has said: "It is necessary, in order that the Court may take jurisdiction of the matter of divorce, that each and all of the requisites mentioned in the affidavit required by The Code, Section 1287, shall be set out and sworn to by the plaintiff.   The requirements are mandatory."

This is not like the case of a complaint in an ordinary action which may or may not be verified under sections 257 and 258 of The Code, as the plaintiff elects.   The plaintiff is not required by these sections to verify his pleading, but, in the

case of a complaint in an action of divorce, the law is different, as the very language and purpose of section 1287 of The Code show it was intended that its provisions relating to the verification of the complaint should be mandatory, and a failure to comply with the requirements of that section is fatal to the plaintiff's case, as the Court is without jurisdiction unless the proper verification of the complaint is made. Verification in the very manner prescribed by that section is essential to confer jurisdiction upon the Court to entertain the action or proceed therein.    *Nichols v. Nichols, supra; Holloman v. Holloman,* 127 N. C., 15 ; *Martin v. Martin,* 130 N. C., 27.

As the Court below did not acquire jurisdiction of the case by reason of the failure to verify the complaint in accordance with the provisions of section 1287 of The Code, the motion of the defendant to dismiss the action must be allowed.

PER CURIAM:    Action Dismissed.