LUCY TAYLOR v. N. D. WHITE.

(Filed 3 October, 1912.)

1. **Marriage and Divorce—Prior Marriage—Living Wife.**

   An action brought to annul a marriage on the ground that the defendant had a living wife at the time is not technically one for divorce, though in a general way it comes under that heading to the extent that alimony *pendente lite* may be allowed.

2. **Same—Suits—Statutory Affidavits—Interpretation of Statutes.**

   An action for an annulment of marriage upon the ground that the husband had a living wife at the time will not be dismissed for the failure of the plaintiff to make the affidavit prescribed by Revisal, sec. 1563, that the facts "must have existed to the plaintiff's knowledge at least six months prior to the filing of the complaint," or for "failure to file a petition for divorce within ninety days after the expiration of that time," the reasons for these provisions not applying to a void marriage.

3. **Marriage and Divorce — Former Marriage — Living Wife—Judgment—Fraud and Collusion—Procedure.**

   A decree in the Superior Court, declaring the defendant's marriage with a former wife void *ab initio*, duly entered subsequently to the ceremony with the plaintiff, who is suing for divorce on the ground that the defendant had a living wife at that time, establishes the fact that the defendant was single at the time of the second marriage sought to be annulled, and cannot be attacked unless impeached by direct proceedings for fraud and collusion.

4. **Marriage and Divorce—Former Marriage—Voidable—Living Wife —Compulsion—Assent—Judgment.**

   In proceedings for divorce it appeared that the plaintiff was compelled to marry the defendant against his will; that the mar-

riage was void, and that he had never lived with her as her husband after the alleged marriage, and a decree was entered declaring the marriage null and void *ab initio: Held*, though the marriage was at first only voidable, he had not ratified it, and it was therefore void *ab initio* by the decree; or by the act of the party without the necessity for the decree of nullity, by his not giving his subsequent assent.

5. **Marriage and Divorce — Children Legitimate — Interpretation of Statutes.**

   The children of a marriage which subsequently has been decreed as annulled are made legitimate by our statute. Revisal, sec. 1569.

APPEAL by defendant from *Allen, J.,* at February Term, 1912, of SAMPSON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Fowler & Crumpler for plaintiff.*
*George E. Butler and N. D. White for defendant.*

CLARK, C. J. This is an action brought by the plaintiff in her maiden name for the annulment of her marriage to the defendant upon the ground that it was void because the defendant at the time of the ceremony had a living wife.

This is not technically an action for divorce, though in a general way it comes under that heading to the extent that alimony *pendente lite* may be allowed. *Lea v. Lea,* 104 N. C., 603. We must deny the motion made by the defendant to dismiss for failure to give the affidavit required by section 1563, for that applies strictly to divorces, for the requirement that the facts must "have existed to the plaintiff's knowledge at least six months prior to the filing of the complaint," and that on "failure to file a petition for divorce within ninety days after the expiration of that time" the plaintiff shall forfeit the right of action, is intended to prevent hasty action for divorce and to give the parties opportunity for reconciliation and to prevent bad faith and collusion. *Holloman v. Holloman,* 127 N. C., 15; *Nichols v. Nichols,* 128 N. C., 108. Those reasons do not apply to a void marriage.

It is true that such action for annulment and declaring a marriage void *ab initio* under Revisal, 1560, comes under the general head of divorce in The Code, ch. 31, and is so styled in *Johnson v. Kincade,* 37 N. C., 470; yet it has broad features of difference from the general action of divorce which, technically speaking, is based upon a valid marriage.

In this case, the ground for annulment is the allegation that the defendant at the date of his marriage to the plaintiff in December, 1910, was the husband of one Georgia A. White. The judgment roll of the Superior Court of Edgecombe County at September Term, 1911, was placed in evidence, showing that "in a properly constituted action between said N. D. White and his alleged former wife, Georgia A. White, upon issues submitted to the jury, it was found that said N. D. White had been compelled to marry the defendant Georgia A. White against his will; that said marriage was void, and that he had never lived with her as her husband after said alleged marriage," and thereupon judgment was entered that—

The marriage ceremony performed by which N. D. White and Georgia A. White were declared man and wife is, and was, absolutely void, and that said bonds of matrimony are hereby annulled and declared null and void *ab initio.*

G. W. WARD,
*Judge Presiding.*

It is true that said decree was entered subsequently to the marriage of N. D. White to this plaintiff, but as the decree decides, and cannot be controverted, there was never any valid marriage between N. D. White and Georgia A. White, and he was a single man at the time of his marriage to this plaintiff. While this plaintiff was not a party to that action, the decree declaring the status of the parties to that action is conclusive unless impeached by a direct proceeding, for fraud or collusion.

"All marriages procured by force or fraud, or involving palpable error, are void, for here the element of mutual consent is wanting, so essential to every contract. The law treats a matrimonial union of this kind as absolutely void *ab initio* and permits its validity to be questioned in any court at the option,

however, of the injured party." Schouler Dom. Rel. (3 Ed.), 38. The marriage between the defendant and Georgia A. White being void, he was free to marry the plaintiff, for "a void marriage imposes no legal restraint upon the party imposed upon from contracting another." *Patterson v. Gaines*, 6 How. (U. S.), 591.

. Though the decree of annulment of defendant's first marriage was rendered after his marriage to the plaintiff, he had always treated the first marriage as void, and the decree declared it void *ab initio*. Though it was voidable and not void, he did not ratify it, and it was therefore void *ab initio* by the decree. "A marriage is voidable on the ground of fraud, duress, or error, and not absolutely void; but it is voidable by the acts of the party without the necessity of a decree of nullity." Tiffany Dom. Rel., 14, 35.

"A decree annulling a marriage is final and conclusive and not open to collateral impeachment, although it may be vacated or set aside for good cause on proper application. Its effect is to make the supposed or pretended marriage as if it had never existed, and hence it restores both parties to their former status and to all rights of property as before the marriage. Hence, also, its effect is to make any children of the marriage illegitimate unless their legitimacy is saved by a statute, as is now the case in several States." 26 Cyc., 920. Such is the case in this State. Revisal, 1569; *Setzer v. Setzer*, 97 N. C., 252; *Sims v. Sims*, 121 N. C., 297.

The position of the plaintiff is inconsistent. She asks to have her own marriage declared void *ab initio*, but wishes to deny that effect to a decree of the court declaring her husband's marriage to Georgia A. White also void *ab initio*. It is true that her ground is the allegation that her husband was incapacitated to marry by reason of an existing marriage, but the ground of the decree obtained by him is that he never entered into the marriage, having been forced into it by duress. In neither case was there a valid marriage, if the allegations were found to be true. The subsequent assent of the husband would have made his voidable marriage valid; but as that was not given, it was void *ab initio*, and imposed no obligation on him.

The alleged marriage of the defendant with Georgia A. White not being ratified by him, was never a *de facto* marriage, as plaintiff's attorneys claim, while that of the plaintiff and defendant was a *de facto* marriage, if that term can be applied to a marriage at all.

There was no legal impediment on defendant at the time of his marriage to plaintiff, and their marriage is valid.

Error.