J. W. WILLIAMS v. MAGGIE M. WILLIAMS.

(Filed 4 November, 1920.)

**Divorce—Pleadings—Residence—Affidavit—Statutes.**

> It is not required that the two years residence in the State of the plaintiff in an action for absolute divorce be alleged in the complaint to confer jurisdiction, but it is sufficient if it is set out in the accompany-ing affidavit. C. S., 1661; Rev., 1565.

APPEAL by defendant from *Ray, J.,* at June Term, 1920, of ROCK-INGHAM.

This is an action for absolute divorce. The defendant excepts because the plaintiff was allowed to testify that he had been a resident of the State for two years next preceding the bringing of the action, and sub-mitting an issue upon that proposition.

*J. M. Sharp for plaintiff.*
*C. O. McMichael and N. Leland Stanford for defendant.*

CLARK, C. J. The defendant contends that his exceptions should be sustained because the complaint does not allege that the plaintiff had been a resident of the State for two years next preceding the bringing of the action, but this allegation is clearly made in the affidavit as re-quired by C. S., 1661; Rev., 1563. This is necessary to give the court jurisdiction, and it is sufficient if it appears in the affidavit. *Kinney v. Kinney,* 149 N. C., 325., in which it is said as to the knowledge of the existing cause of adultery, "The statute does not require that such knowl-edge be alleged in the complaint, but in the affidavit or verification of the pleading. When the proper affidavit is made the court acquires the jurisdiction of the cause."

These and other allegations are required to be in the affidavit to show jurisdiction. They are no part of the grounds for divorce. C. S. 1659, 1660; Rev., 1561, 1562, and hence need not be set out in the complaint itself. The allegations in the affidavit and in the complaint in actions for divorce are deemed denied, and the issue as to the plaintiff's residence was properly submitted, together with the allegations of marriage, adul-tery, and condonation, and were all found by the jury, in this case, in favor of the plaintiff.

The proceedings in this case were strictly in accordance with the statute and the settled practice of the Court. *Moore v. Moore,* 130 N. C., 335, and cases cited. *Hopkins v. Hopkins,* 132 N. C., 23; *Nichols v. Nichols,* 128 N. C., 108; *Holloman v. Holloman,* 127 N. C., 16.

No error.