ADAMS, J., dissenting.
Civil action for divorce under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659 (a), on the ground of separation of husband and wife for two years.
Plaintiff has been a resident of the State all his life; he and the defendant were married 20 July, 1922; they separated 28 July, 1931, and have lived separate and apart continuously since that date; summons in this action was issued 7 August, 1933, served 26 August, 1933; complaint filed at the time of issuing summons. It is not alleged that plaintiff is the injured party.
The affidavit filed with the complaint contains no averment that the grounds for divorce "have existed to the knowledge of the plaintiff at least six months prior to the filing of the complaint." Indeed, it appears the action was instituted within a month following the expiration of the two-year period of separation.
There was a verdict establishing the above facts, and, upon motion of defendant, the action was dismissed, the court being of opinion that said action cannot be maintained under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659 (a), "for the reason that the pleading and proof disclose the cause of action did not arise six months before the institution of the suit."
Plaintiff appeals, assigning errors.
When an action for divorce is brought by either party under chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659 (a), on the ground of separation of husband and wife for two years, is it necessary that the jurisdictional affidavit, required by C.S., 1661, contain the averment that the facts set forth in the complaint, as grounds for divorce, have existed to the knowledge of the plaintiff at least six months prior to the filing of the complaint? The answer is, No.
The statute under which the plaintiff is proceeding provides that marriages may be dissolved on application of either party "if and when there has been a separation of husband and wife . . . for two years."
C.S., 1661, provides that the plaintiff in an action for divorce shall file with his or her complaint an affidavit setting forth, among other things, that the grounds for divorce have existed to his or her knowledge at least six months prior to the filing of the complaint. But this section was amended by chapter 93, Public Laws, 1925, as follows: "Provided,however, that if the cause for divorce is five years separation, then it shall not be necessary to set forth in the affidavit that the grounds for divorce have existed at least six months prior to the filing of the complaint, it being the purpose of the act to permit a divorce after separation of five years and without waiting an additional six months for filing the complaint."
At the time of this amendment, five years' separation was required as ground for an absolute divorce. C.S., 1659. The question then arises: Does this proviso, eliminating the necessity of waiting six months after the expiration of the requisite period of separation, when the ground for divorce is that of separation, still apply with the reduction in time from five to two years?
This reduction was made in two ways: First, by chapter 397, Public Laws, 1931, amending C.S., 1659, which brought forward the substance of the proviso added to C.S., 1661, in 1925; and, second, by chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659 (a), which is an independent act, giving either party the right to sue, and omits any reference to the jurisdictional affidavit.
It is the contention of the defendant that, since the amendment to C.S., 1659, specifically brought forward the substance of the 1925 amendment to C.S., 1661, and the independent act, chapter 72, Public Laws, 1931, as amended by chapter 163, Public Laws, 1933, Michie's Code, 1659 (a), giving either party the right to sue, omits any reference to the jurisdictional affidavit, the intention of the Legislature is manifest, that in actions under this latter statute, an additional period of six months following the two years separation, shall elapse before the filing of the complaint. *Page 399 
If the defendant's interpretation of the statutes be correct, the result is, that the required length of separation under C.S., 1659, as amended, is two years, while the required length of separation under Michie's Code, 1659 (a), is two years and six months. Nichols v. Nichols, 128 N.C. 108,38 S.E. 296; Carnes v. Carnes, 204 N.C. 636, 169 S.E. 222.
We think the General Assembly intended to make the period of separation the same under both statutes. For this intention, reference is had to the declaration of policy in the proviso of 1925, "it being the purpose of the act to permit a divorce after a separation of five (later reduced to two) years without waiting an additional six months for filing the complaint," and to the use of the expression "if and when" in Michie's Code, 1659(a), the words "and when" not appearing in C.S., 1659. Furthermore, the reason for the six months requirement in the affidavit does not exist when separation is the ground for the divorce. Taylor v. White, 160 N.C. 38,75 S.E. 941. The plaintiff is entitled to judgment on the verdict.
Reversed.