### MRS. HESTER HODGES v. ZOLA HODGES.

(Filed 9 October, 1946.)

**1. Divorce § 4—**

In a suit for alimony without divorce, G. S., 50-16, plaintiff is not required to file affidavit provided in G. S., 50-8, but is required to verify the complaint in the manner prescribed for verification of pleadings in ordinary civil actions, which requirement is mandatory and jurisdictional, and where the complaint is not verified defendant's motion to dismiss for want of jurisdiction must be allowed, even in the Supreme Court upon appeal.

**2. Same—**

Divorce, alimony and alimony without divorce, are statutory, and the courts can acquire jurisdiction only if the pleadings are verified as prescribed by statute, the form of the verification being dependent upon the character of the relief sought.

APPEAL by defendant from *Williams, J.,* at Chambers in Sanford, N. C., 22 June, 1946. From HARNETT.

Civil action instituted by the plaintiff for alimony without divorce, as provided in G. S., 50-16.

Pursuant to notice, the plaintiff made application to his Honor for a subsistence allowance and counsel fees pending the trial and final determination of this cause. At the hearing on the application, the defendant moved to dismiss on the ground that the action, according to the pleadings of the plaintiff, was brought prematurely. Motion denied.

Alimony *pendente lite* and counsel fees were awarded. Defendant appealed to the Supreme Court, assigning error.

*Wellons & Canaday for plaintiff.*
*Neill McK. Salmon and J. R. Young for defendant.*

DENNY, J. The defendant now moves in this Court to dismiss the action on the ground that the Court is without jurisdiction, for the reason that the complaint filed in this cause is not verified as required by G. S., 50-16.

The appellee admits the complaint is not verified, but insists that a verification of the pleadings in an action for alimony without divorce is not required by the statute.

In G. S., 50-16, it is provided, "In actions brought under this section, the wife shall not be required to file the affidavit provided in section 50-8, but shall verify her complaint as prescribed in the case of ordinary civil actions." We hold that this provision is mandatory as to the verification but relieves the wife of the necessity of filing the affidavit required by G. S., 50-8, and substitutes therefor the form prescribed for the verifica-

tion of pleadings in ordinary civil actions. Moreover, this Court held in *Cowles v. Hardin,* 79 N. C., 577, where a statute directs that the complaint "shall be sworn to as in other actions," the want of a proper verification is a fatal defect, for which judgment will be arrested. And *Stacy, C. J.,* said, in speaking for the Court in *Padgett v. Long,* 225 N. C., 392, 35 S. E. (2d), 234: "It will be noted that the right which the plaintiff seeks to enforce is statutory. No such right existed at common law. It is essential therefore that the cause of action be laid within the terms of the statute. 1 Am. Jur., 410. One who predicates his cause of action on a statute must bring himself within its provisions. *Chicago & E. R. Co. v. Biddinger,* 63 Ind. App., 30, 113 N. E., 1027. See *Moose v. Barrett,* 223 N. C., 524, 27 S. E. (2d), 532. 'Where a right is statutory, the claimant cannot recover unless he brings himself within the terms of the statute'—2nd headnote, *United States v. Perryman,* 100 U. S., 235, 25 L. Ed., 645."

It is apparent that the able judge who heard this matter below was inadvertent to the fact that the complaint was not verified. It appears from the record that the pleadings were considered as affidavits and treated as such in granting the relief sought.

Jurisdiction over the subject matter of divorce is given only by statute. *Ellis v. Ellis,* 190 N. C., 418, 130 S. E., 7. This also applies to an action for alimony without divorce. The Court will not obtain jurisdiction in an action brought for relief under the provisions of our statutes relating to divorce, alimony, or divorce and alimony, unless the complaint is verified. The form of the verification will depend upon the character of the relief sought. *Holloman v. Holloman,* 127 N. C., 15, 37 S. E., 68; *Nichols v. Nichols,* 128 N. C., 108, 38 S. E., 296; *Martin v. Martin,* 130 N. C., 27, 40 S. E., 822; *Williams v. Williams,* 180 N. C., 273, 104 S. E., 561; *Ellis v. Ellis, supra; Smithdeal v. Smithdeal,* 206 N. C., 397, 174 S. E., 118; *Ragan v. Ragan,* 212 N. C., 753, 194 S. E., 458.

The motion of the defendant to dismiss this action is allowed, and the order of the court below must be vacated.

Action dismissed.