It is my judgment that the cause should be remanded for a new trial.

WILLIAMS, APPELLANT, *v.* WILLIAMS, APPELLEE.

(No. 22181—Decided October 1, 1951.)

*Mr. Morris Morganstern,* for appellant.
*Mr. Charles A. Jilek,* for appellee.

DOYLE, J. An award of alimony in an action for divorce was denied the appellant, Marguarite O. Williams, for the reason stated in the court's judgment entry that ''alimony, temporary or permanent, is an

incident of a valid marriage, and by reason thereof the plaintiff is not entitled to alimony.''

The sole question before this court, in this appeal on questions of law from the judgment of the Court of Common Pleas of Cuyahoga County, is whether the unusual factual situation presented in the evidence shows the existence of a valid marriage relationship between the parties at the time of the divorce.

Sufficient facts to support a conclusion will be set out chronologically. They are:

January 16, 1934: Appellant entered into a ceremonial marriage with Melvin Rich in Ripley, New York. Lothario Melvin was at the time legally married to one Arlene Robinson Rich. Three weeks later the fraud was discovered by the deceived bride, whereupon she severed all relationship with him.

April, 1936: The appellant entered into a ceremonial marriage with the appellee, Samuel R. Williams. The evidence is in conflict whether he was told of her previous marriage to Rich. Her testimony tends to prove that he knew in detail the circumstances and that he suggested that she not spend any money for legal services in an annulment action—her testimony being that he said: "After all, that marriage means nothing anyhow, so what difference does it make?" His testimony denies any knowledge. Suffice it to say, however, that he was fully aware of the fact in the year 1942, as evidenced by his pleading in a court of record.

December 9, 1947: A girl, Barbara, was born to the couple as an issue of the marriage.

May 16, 1949: Pursuant to the filing of a petition for divorce by the appellant, Marguarite, against Melvin Rich, the bigamist, a hearing was held in the Court of Common Pleas of Cuyahoga County, and a decree of

divorce was subsequently entered in favor of the plaintiff.

The appellee, Samuel Williams, had knowledge of this proceeding and the order of the court. They continued to live together as husband and wife thereafter.

January, 1950: An action for divorce was instituted by Marguarite against Samuel. On August 17 a judgment was entered in her favor, including an award of alimony; but later, a motion by the defendant to vacate that part of the judgment which awarded alimony was sustained, and alimony was denied to the plaintiff, the journal entry reciting as follows: "Upon due consideration of all the evidence, the court finds that, at the time of the marriage of the parties hereto, the plaintiff, Marguarite O. Williams, was married to another man, and that she had full knowledge thereof, and therefore the marriage which is the subject of this action was void *ab initio* * * *. The court further finds that alimony * * * is an incident of a valid marriage, and by reason thereof the plaintiff is not entitled to alimony."

■ Bigamy is and always has been in this state forbidden. The legal impediment against the marriage of one who has a husband or wife living has its roots in a prohibition and policy as old as the state and nation. If one of the parties to a marriage comes within this prohibition of the law, he or she is incapacitated to contract, and the marriage is void from its very inception. Innocence, good faith and other similar excuses have no qualifying effect on the legal status of the parties. Such is likewise the law of the state of New York, in which state the appellant married the bigamist, Rich. 55 Corpus Juris Secundum, Marriage, Section 17, and cases therein cited.

The evidence in the record before us conclusively

establishes a void ceremonial marriage between the appellant and Melvin Rich.

■ ''A void marriage imposes no legal restraint upon the party imposed upon, from contracting another. However proper and prudent * * * it may be that a party to a void marriage should not remarry until the invalidity of the purported marriage becomes a matter of general knowledge or has been pronounced by a court, the law imposes no restraint in this regard. The innocent participant in a bigamous marriage may legally marry another without waiting for the dissolution of the bigamous union either by death or divorce * * *. In other words, a marriage is not void by reason of a previous void marriage although there has been no sentence of nullity of the previous void marriage, and a judicial invalidation of marriage at any time * * *.'' 35 American Jurisprudence, Marriage, Section 156. And see: *Patterson* v. *Gaines*, 47 U. S. (6 How.), 550, 12 L. Ed., 553; *Taylor* v. *White*, 160 N. C., 38, 75 S. E., 941, L. R. A., 1916C, 704.

The following statement in 26 Ohio Jurisprudence, Marriage, Section 55, is apposite to the foregoing citations, and we quote it in establishing the law for the case under consideration:

''As no decree of nullity is necessary to the existence of the original rights of the parties, an innocent participant in a bigamous marriage may legally marry another, without waiting for a dissolution of the bigamous union either by death or divorce * * *.''

■ By way of additional reasons, however, for the judgment to be entered in this case, it may be succinctly observed that, even if the law were not as stated above, nevertheless, when the decree of divorce from Rich was entered in 1949, the evidence is such as to compel the conclusion that a legal common-law marriage from that time on existed. Where proofs

show a ceremonial marriage between two persons, one of whom at the time is incompetent to marry because of a husband or wife living, and they live together as husband and wife, claim to be such and have children, following which occurs the removal of the impediment to their original marriage by way of a divorce, and a continuation from then on of their ostensible status in the community as husband and wife, and they are received in society and treated by their friends and relations as having and being entitled to that status, the law will presume that they are legally married. Such cohabitation and repute are presumably matrimonial, as distinguished from the occasional, hidden and limited cohabitation which marks the meretricious relation. The law presumes under such circumstances a ratification of their original agreement to marry following the removal of the disability.

See: *Hale, Exrx.*, v. *Graham*, 85 Ohio App., 447, 86 N. E. (2d), 330; *Ryan* v. *Ryan*, 84 Ohio App., 139, 86 N. E. (2d), 44; 26 Ohio Jurisprudence, Marriage, Section 57, and cases cited.

The judgment is reversed, and the cause is remanded for reinstatement of the alimony and property rights that were awarded the appellant in the judgment entry of August 17, 1950.

*Judgment reversed.*

SKEEL, P. J., and THOMPSON, J., concur.

DOYLE, J., of the Ninth Appellate District, sitting by designation in the Eighth Appellate District.