Faye Baggett JACKSON, Administratrix
of the Estate of Edwin Baggett,
Plaintiff-Appellant,

v.

Charles CROCKARELL et al.,
Defendants-Appellees.

No. 72-1884.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 29, 1973.

Decided March 28, 1973.

Tyree B. Harris, Nashville, Tenn., James C. Cunningham, Clarksville, Tenn., Hooker, Keeble, Dodson & Harris, Nashville, Tenn., on brief, for plaintiff-appellant.

R. Price Nimmo, Nashville, Tenn., Dale Quillen, Nashville, Tenn., on brief, for defendants-appellees.

Before WEICK, PECK and MILLER, Circuit Judges.

PER CURIAM.

The appellant, as administratrix of the estate of her deceased husband, brought this action in the District Court against the Sheriff of Stewart County, Tennessee, his deputy and the sureties on his official bond, pursuant to 42 U.S. C. § 1983, to recover damages for his alleged wrongful killing by the Sheriff. The undisputed facts show that the deceased Edwin Baggett, while under the influence of alcohol or an unidentified drug, knocked on the door of a private home and asked to be admitted. The lady of the house refused to admit him, and he returned to his car which was parked by the curb. Ten minutes later, she sent her son next door to call the police and summon them to the scene. When the Sheriff arrived, he attempted to awaken Baggett and remove him from

the car. An altercation ensued, and when the Sheriff became wedged between the automobile and its open door, he shot and killed Baggett.

The appellant brought this action in the District Court alleging that the Sheriff deprived her deceased husband of his rights in violation of 42 U.S.C. § 1983. The case was tried to a jury, which found for the Sheriff, and this appeal followed.

The appellant's single contention on this appeal is that the District Court instructed the jury on a theory of defense which was not set out in the answer of the defendant, or in the pre-trial order, and upon which no evidence was introduced. The answer of the defendant admitted that he shot the plaintiff's decedent, but alleged:

> "that he drew his pistol and fired into the body of the said Edwin Baggett in order to protect his own life, after the said Baggett drew a large knife and cornered the defendant, Charles Crockarell, and put him in fear for his life, whereupon Charles Crockarell, in order to protect his own life, fired into the body of the said Edwin Baggett, who died a short time later."

Under the practice of the District Court for the Middle District of Tennessee, a pre-trial order is entered in all civil cases setting forth the issues to be tried and the theories of the parties, and providing that all pleadings in the case are treated as being amended to comply with the pre-trial order. An order was entered in this case which set out, in accordance with the defendants' pleadings, the defense that the Sheriff shot the deceased in self-defense.

At trial, upon the conclusion of final argument of counsel for the parties, the District Judge began his instruction of the jury, but then interrupted his charge and asked the attorneys if they would state to the jury their theories of the case. Counsel for the appellant declined this unusual invitation; counsel for the appellee accepted and stated to the jury that the defense theory was first, that the shooting was a necessary incident to making an arrest of Edwin Baggett for the commission of a felony and, second, that the shooting was in self-defense and therefore justified. In accordance with this first stated theory, the Court then instructed the jury concerning the circumstances under which an officer may make an arrest for the alleged commission of a felony, gave a definition of burglary, charged that burglary and attempted burglary constitute felonies, and outlined the circumstances under which an officer might kill in making an arrest of a felon.

A review of the record of this case indicates that the statements of counsel in setting out his theory of defense and the charge of the Court to the jury on these points goes well beyond the theory of defense as set out in the pleadings and the pre-trial order. The pleadings under which this case was tried did not raise the defense of the right to kill to prevent the escape of a felon. Since the practice deprives the opposing party of an opportunity to present evidence to counter the new theory, it is reversible error for a court to give instructions concerning an issue not raised by the pleadings. Carpenter v. Baltimore & Ohio R.R., 109 F.2d 375 (6th Cir. 1940); Black, Sivalls & Bryson, Inc. v. Shondell, 174 F.2d 587 (8th Cir. 1949).

The appellees' reliance upon Federal Rule of Civil Procedure 15(b) is misplaced. That rule provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings, and that the failure to amend a pleading to conform to the evidence does not affect the result of the trial on these issues. This rule is, by its terms, not applicable where the evidence does not support the theory upon which the Court charged the jury. In this case, although there was inconclusive evidence concerning a broken door latch, there was no direct evidence that the decedent had committed a felony, or that

he was attempting to escape. (To the contrary, the evidence showed that the decedent pursued the Sheriff, rather than fled from him.) It is reversible error for the court to give instructions which leave the way open for a jury to consider a question that has been suggested or mentioned during the trial which is not at issue or is not supported by the evidence. Fleming v. Husted, 164 F.2d 65 (8th Cir. 1947).

The judgment of the District Court is reversed and the cause is remanded for a new trial consistent with this opinion.