MARCIE GAYNELL EUDY v. VAN PATRICK EUDY

No. 124

(Filed 26 June 1975)

**1. Divorce and Alimony § 2— divorce action — required allegations**
The allegations required by G.S. 50-8 are indispensable constituent elements of a divorce action and must be established either by the ver-

dict of a jury or by a judge, as the pertinent statute may permit. G.S. 50-10.

2. **Rules of Civil Procedure § 15— amendment of pleadings to conform to proof**

In order for pleadings to be amended to conform to the proof pursuant to Rule 15(b), there must be evidence of an unpleaded issue introduced without objection, and it must appear that the parties understood, or at least reasonably should have understood, that the evidence was aimed at an issue not expressly pleaded.

3. **Divorce and Alimony § 2; Rules of Civil Procedure § 15— failure to allege residence — divorce from bed and board — no amendment of pleadings to conform to proof**

In an action for alimony without divorce wherein plaintiff failed to allege that plaintiff or defendant had been a resident of North Carolina for at least six months next preceding the institution of the action as required in a divorce action, the pleadings were not deemed amended to conform to evidence of residence, and the court was therefore without jurisdiction to grant plaintiff a divorce from bed and board, where evidence as to residence of the parties was admitted to introduce the witnesses or was casually intertwined with the proof of other material facts clearly embraced by the pleadings, and there is nothing to indicate that the evidence was such that defendant understood or reasonably should have understood that any issue other than those embraced in the pleadings was being tried.

4. **Divorce and Alimony § 16— amount of alimony — appellate review**

While the trial judge's determination of the amount of alimony is not absolute and unreviewable, it will not be disturbed absent a clear abuse of discretion.

5. **Divorce and Alimony § 16— amount of alimony — findings not required**

Findings of fact are not required to support the trial judge's finding of the *amount* of alimony in actions for divorce from bed and board or in actions for alimony *pendente lite*. G.S. 50-16.8.

6. **Divorce and Alimony § 16— no jurisdiction to grant divorce — remand for grant of alimony without divorce**

Where the trial court was without jurisdiction to grant a divorce from bed and board, and the pleadings, evidence and issues submitted to and answered by the jury support a judgment for alimony without divorce, the cause is remanded for entry of such judgment.

ON *certiorari* to review the decision of the Court of Appeals, 24 N.C. App. 516, 211 S.E. 2d 536, which vacated the judgment of *Webb, District Court Judge,* entered at the February, 1974, Session of UNION County District Court, and remanded for a new trial.

Plaintiff-wife filed this action seeking *alimony without divorce,* requesting that certain real and personal property be

Eudy v. Eudy

secured to her, seeking assessment of attorney's fees for her counsel, and generally praying for such other and further relief to which she might be entitled. She supported her prayers for relief with allegations of abandonment, cruelty, adultery, and other indignities to her person by defendant-husband. Her complaint did not allege that plaintiff or defendant had been a resident of the State of North Carolina for at least six months next preceding the institution of the action.

Defendant answered and denied the material allegations of the complaint except for the allegation of separation. He alleged that plaintiff's nagging and abusive treatment toward him were the causes of the separation.

Both plaintiff and defendant offered evidence in support of their respective contentions, and at the conclusion of the evidence issues were submitted to, and answered by, the jury as follows:

1. Were the plaintiff and the defendant lawfully married as alleged in the complaint?

ANSWER: Yes.

2. Did the defendant abandon his wife without adequate provocation as alleged in the complaint?

ANSWER: Yes.

3. Did the defendant by cruel or barbarous treatment endanger the life of the plaintiff without adequate provocation as alleged in the complaint?

ANSWER: Yes.

4. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome without adequate provocation as alleged in the complaint?

ANSWER: Yes.

The parties agreed that Judge Webb should determine whether plaintiff was a dependant spouse and whether defendant was a supporting spouse. After conducting a hearing, the judge determined plaintiff to be a dependent spouse, defendant to be a supporting spouse, and upon making additional findings as to plaintiff's needs and the financial circumstances of the

parties, entered judgment granting plaintiff *a divorce from bed and board,* alimony, and attorney's fees. Defendant appealed, and the Court of Appeals vacated Judge Webb's judgment and ordered a new trial. We allowed *certiorari* on 2 April 1975.

*Henry T. Drake, attorney for plaintiff appellant.*

*Clark and Griffin, by Richard S. Clark and Lewis R. Fisher, and Coble Funderburk, for defendant appellee.*

BRANCH, Justice.

Plaintiff contends that the Court of Appeals erred in granting a new trial because her complaint failed to allege that either she or defendant were residents of the State of North Carolina for six months next preceding the filing of her complaint.

[1]  G.S. 50-8, in part, provides that in all actions for divorce plaintiff shall set forth in his or her complaint that complainant or defendant has been a resident of the State of North Carolina for at least six months next preceding filing of the complaint. Prior to the enactment of Chapter 590 of the 1951 Session Laws, the Court acquired no jurisdiction in an action for absolute divorce or in an action for divorce from bed and board unless plaintiff filed with his complaint an affidavit containing the required statutory averments, one of which was the above-quoted residency requirement. The filing of this affidavit was mandatory. Absent all required averments, the Court had no jurisdiction, and the action was subject to dismissal by the Court, either *ex mero motu* or upon motion duly made. *Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617; *Hodges v. Hodges,* 226 N.C. 570, 39 S.E. 2d 596; *Nichols v. Nichols,* 128 N.C. 108, 38 S.E. 296. On the other hand, when the proper affidavit was filed, the Court acquired jurisdiction in divorce actions. *Kinney v. Kinney,* 149 N.C. 321, 63 S.E. 97. The 1951 Act eliminated the necessity for the affidavit, but the Act now codified as G.S. 50-8 requires plaintiff, *inter alia,* to set forth in his or her complaint an allegation that complainant or defendant has been a resident of North Carolina for at least six months next preceding the filing of the complaint. Thus, the allegations required by G.S. 50-8 are indispensable, constituent elements of a divorce action and must be established either by the verdict of a jury or by a judge, as the pertinent statute may permit. G.S. 50-10; *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296.

The statutory changes eliminating the necessity for the filing of the affidavit and allowing a judge in some cases to become the trier of facts in divorce actions do not change the fundamental precepts that jurisdiction over the subject matter of divorce is statutory and that all averments required by the statute must be both alleged in the complaint and found by the finder of fact to be true before a divorce judgment may be entered. G.S. 50-10; *Wicker v. Wicker,* 255 N.C. 723, 122 S.E. 2d 703; *Israel v. Israel,* 255 N.C. 391, 121 S.E. 2d 713; *Martin v. Martin,* 253 N.C. 704, 118 S.E. 2d 29; *Pruett v. Pruett, supra; Carpenter v. Carpenter, supra; Ellis v. Ellis,* 190 N.C. 418, 130 S.E. 7.

Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction. *Burtnett v. King,* 33 Cal. 2d 805, 205 P. 2d 657; 20 Am. Jur. 2d *Courts* § 151 at 497. In instant case plaintiff failed to allege the residential requirements expressly required by G.S. 50-8, and the Court therefore was without jurisdiction to grant plaintiff a divorce from bed and board unless, as plaintiff contends, the pleadings were amended by the rule of "litigation by consent" pursuant to G.S. 1A-1, Rule 15(b) (hereafter cited as Rule 15(b)). We turn to consideration of the effect of this rule upon the facts of this case.

Rule 15(b) reads as follows:

When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense

upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

We discussed the rationale of this rule in *Roberts v. Memorial Park*, 281 N.C. 48, 187 S.E. 2d 721. We quote from that case:

> The thrust of this rule seems to destroy the former strict code doctrine of variance by allowing issues to be raised by liberal amendments to pleadings and, in some cases, by the evidence. Under 15(b) the rule of "litigation by consent" is applied when *no objection is made on the specific ground that the evidence offered is not within the issues raised by the pleadings*. In such case the statutory rule, in effect, amends the pleadings to conform to the evidence and allows any issue raised by the evidence to go to the jury. *Even when the evidence is objected to on the ground that it is not within the issues raised by the pleadings*, the court will freely allow amendments to present the merits of the case when the objecting party fails to satisfy the court that he would be prejudiced in the trial on its merits. The far-reaching effect of this statutory rule is emphasized by the burden placed on the objecting party to specify the grounds of objection and to satisfy the court that he will be prejudiced by the admission of the evidence or by litigation of the issues raised by the evidence. The objecting party must meet these requirements in order to avoid "litigation by consent" or allowance of motion to amend. [Original emphasis.]

Despite the broad remedial purpose of this provision, however, Rule 15(b) does not permit judgment by ambush. One respected authority on federal practice has succinctly stated the limits of its application, as follows:

> The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent

to try an issue where the parties do not squarely recognize it as an issue in the trial. . . .

3 J. Moore, Moore's Federal Practice ¶ 15.13[2] at 991-992 (2d ed.). *See also* 6 C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1493 at 466-467; Note, 9 Wake Forest L. Rev. 247.

Federal cases amply support the general statement of law given above. In *MBI Motor Co., Inc. v. Lotus/East, Inc.,* 506 F. 2d 709 (6th Cir.), the Court well stated the rule which governs resolution of an amendment-by-consent situation:

> We think it clear that if a theory of recovery is tried fully by the parties, the court may base its decision on that theory and may deem the pleadings amended accordingly, even though the theory was not set forth in the pleadings or in the pretrial order. *See Wallin v. Fuller,* 476 F. 2d 1204 (5th Cir. 1973); *Monod v. Futura, Inc.,* 415 F. 2d 1170 (10th Cir. 1969); *Dering v. Williams,* 378 F. 2d 417 (9th Cir. 1967); Fed. R. Civ. P. 15(b). However, the implication of Rule 15(b) and of our decision in *Jackson v. Crockarell,* [475 F. 2d 746 (6th Cir.)], is that a trial court may not base its decision upon an issue that was tried inadvertently. Implied consent to the trial of an unpleaded issue is not established merely because evidence relevant to that issue was introduced without objection. At least it must appear that the parties understood the evidence to be aimed at the unpleaded issue. *See Bettes v. Stonewall Ins. Co.,* 480 F. 2d 92 (5th Cir. 1973); *Standard Title Ins. Co. v. Roberts,* 349 F. 2d 613, 620 (8th Cir. 1965); *Niedland v. United States,* 338 F. 2d 254, 258 (3d Cir. 1964).

*Accord: Bettes v. Stonewall Ins. Co.,* 480 F. 2d 92 (5th Cir.); *Cole v. Layrite Products Co.,* 439 F. 2d 958 (9th Cir.); *Wasik v. Borg,* 423 F. 2d 44 (2d Cir.); *Armstrong Cork Co. v. Lyons,* 366 F. 2d 206 (8th Cir.); *Systems, Inc. v. Bridge Electronics Co.,* 335 F. 2d 465 (3d Cir.); *United States v. 47 Bottles, More or Less,* 320 F. 2d 564 (3d Cir.), *cert. denied sub nom. Schere v. United States,* 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed. 2d 313; *Wickahoney Sheep Co. v. Sewell,* 273 F. 2d 767 (9th Cir.); *Freitag v. The Strand of Atlantic City, Inc.,* 205 F. 2d 778 (3d Cir.); *Otness v. United States,* 23 F.R.D. 279 (D. Alaska).

The cases also fully support the proposition that where evidence claimed to support trial by consent is relevant to an

issue explicitly embraced by the pleadings, and there is no in-
dication at the trial that the party introducing the evidence
sought to raise a new issue, the pleadings will not be deemed
amended by consent under Rule 15(b). *See, e.g., Cox v. Fremont
County Public Building Authority,* 415 F. 2d 882 (10th Cir.) ;
*Standard Title Ins. Co. v. Roberts,* 349 F. 2d 613 (8th Cir.) ;
*Gallon v. Lloyd-Thomas Co.,* 264 F. 2d 821 (8th Cir.) ; *Macris
v. Sociedad Maritima San Nicolas, S.A.,* 245 F. 2d 708 (2d Cir.),
*cert. denied,* 355 U.S. 922, 78 S.Ct. 364, 2 L.Ed. 2d 353; *United
States v. City of Brookhaven,* 134 F. 2d 442 (5th Cir.) ; *Simms
v. Andrews,* 118 F. 2d 803 (10th Cir.) ; *Wirtz v. F. M. Sloan,
Inc.,* 285 F. Supp. 669 (W. D. Pa.), *aff'd,* 411 F. 2d 56 (3d
Cir.).

We note that the Court of Appeals, *ex mero motu,* properly
took note of the question of want of jurisdiction in this case.
*Lewis v. Harris,* 238 N.C. 642, 78 S.E. 2d 715.

We need reach the question of the effectiveness of Rule
15(b) to cure a failure to allege this jurisdictional fact if, and
only if, (1) sufficient evidence was introduced without objec-
tion to show, directly or by legitimate inference, that the parties
had been residents of North Carolina for the six months next
preceding the commencement of this action and (2) the parties
understood, or reasonably should have understood, that the in-
troduction of such evidence was directed to an issue not em-
braced by the pleadings.

Prior to the 1951 Act, now codified as G.S. 50-8, the ques-
tion of whether the required affidavit complied with the statute
so as to confer jurisdiction upon the Court in a divorce action
was a matter to be determined by the trial judge. Upon the
effective date of present G.S. 50-8, the statutory requirements
for obtaining a divorce became material facts which must be
alleged in the complaint and passed upon by the jury or, in
proper cases, by a judge sitting as a jury. *Carpenter v. Car-
penter, supra; Pruett v. Pruett, supra.* Thus, since the material
facts must be found from the evidence offered, the *opportunity*
to amend by consent does exist. However, the facts of instant
case do not present the question of whether *required jurisdic-
tional averments* may be supplied by the application of the pro-
visions of Rule 15(b).

**[2, 3]** The evidence in this case would have supported a jury
verdict and judgment for alimony without divorce. The same

evidence, properly pleaded, would also have supported a verdict and judgment for divorce from bed and board. Although there was evidence from which the jury could reasonably infer that both plaintiff and defendant had been residents of Union County, North Carolina, for six months next preceding the filing of the complaint in this cause, this evidence was admitted to introduce the witnesses or was casually intertwined with the proof of other material facts clearly embraced by the pleadings. In order for pleadings to be amended to conform to the proof pursuant to Rule 15(b), there must be evidence of an unpleaded issue introduced without objection, and it must appear that the parties understood, or at least reasonably should have understood, that the evidence was aimed at an issue not expressly pleaded. Here, the evidence supports issues embraced by the pleadings without indicating in any manner that the parties introducing the evidence sought to raise a new issue. There is nothing to indicate that the evidence was such that defendant understood or reasonably should have understood that any issue other than those embraced in the pleadings was being tried. Under these circumstances the provisions of Rule 15(b) do not apply so as to amend the pleadings to conform to the evidence. The essential issue of residence simply was not pleaded or tried in this case as is required to support a judgment for divorce from bed and board. We therefore hold that the Court of Appeals correctly vacated the judgment entered in Union County District Court.

Appellant assigns as error the holding of the Court of Appeals that the trial judge erred in awarding alimony. In this regard the Court found that the trial judge failed to make sufficient findings as to the estate, income, earnings, and expenses of defendant. This conclusion points to error on the part of the trial judge in fixing the *amount* of alimony.

G.S. 50-16.5(a) provides:

> Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case.

[4] The trial judge must follow the requirements of this statute in determining the amount of alimony to be awarded, but the determination of such amount lies within his sound discretion. The trial judge's determination of the amount of alimony is not absolute and unreviewable, but it will not be disturbed

absent a clear abuse of discretion. *Schloss v. Schloss,* 273 N.C. 266, 160 S.E. 2d 5; *Sayland v. Sayland,* 267 N.C. 378, 148 S.E. 2d 218.

We note that the Court of Appeals relied on *Briggs v. Briggs,* 21 N.C. App. 674, 205 S.E. 2d 547, to support its conclusion. The Court in that case considered a contention that the trial judge erred in failing to make sufficient findings to support an order of alimony *pendente lite* as required by G.S. 50-16.8. It is true that this statute specifically requires the judge to find facts from the evidence presented upon a hearing on application for alimony *pendente lite*. In our opinion this requirement does not refer to the amount of alimony, but refers to the ultimate facts which must be found pursuant to G.S. 50-16.3. We think it pertinent that subsection (b) of that section provides that "the determination of the amount . . . of alimony *pendente lite* shall be in the same manner as alimony. . . ." The language of *Briggs* itself is consistent with our conclusion. We quote a pertinent passage from that case:

> The trial judge in this case found from competent evidence that a marital relationship existed between the parties; that the plaintiff is substantially dependent upon the defendant for her maintenance and support; and that the defendant is capable of making support payments. These findings are sufficient to show that plaintiff is the dependent spouse, and that defendant is the supporting spouse.

[5] Our examination of the relevant statutes and this Court's interpretation of these statutes leads us to conclude that findings of fact are not required to support the trial judge's finding of the *amount* of alimony in action for divorce from bed and board or in action for alimony *pendente lite*.

[6] The District Court was without jurisdiction to grant a divorce from bed and board. However, the residency requirement of G.S. 50-8 is not applicable in an action for alimony without divorce. Here the pleadings, the evidence, and the issues submitted to, and answered by, the jury support a judgment for alimony without divorce. Therefore, the cause is remanded to the Court of Appeals with direction that it remand to the District Court of Union County for entry of judgment consistent with the jury verdict.

Modified and affirmed.