We conclude that under item VII, paragraph 2, Joseph E. Shay will be required to pay $4,000 for the undivided one-half interest if he desires to exercise the right to purchase.

*Judgment accordingly.*

MILLER and HORNBECK, JJ., concur.

HALE, EXRX., APPELLEE, *v.* GRAHAM, APPELLANT.

(No. 3919—Decided May 11, 1948.)

*Mr. Scott A. Belden,* for appellee.

*Mr. Alexander Russell* and *Mr. W. Howard Fort,.* for appellant.

STEVENS, J. This is an appeal on questions of law from a judgment of the Probate Court of Summit county, determining that Rance Graham was not the surviving spouse of Janie Graham, deceased, and that he had no legal right to share or participate in any of the assets and property of the estate of Janie Graham, deceased.

The evidence contained in the bill of exceptions discloses the following:

Janie May Pentecost was married to Robert E. Caldwell in Chattanooga, Tennessee, on June 6, 1912.

No divorce was obtained by either of the parties to said marriage until May 8, 1920, when Robert E. Caldwell was granted a judgment of divorce from Janie Caldwell by the Circuit Court of Hamilton county,. Tennessee.

On March 1, 1919, Janie Caldwell and Rance Graham secured a marriage license at Akron, Ohio, and on the same day they entered into a ceremonial marriage at Akron.

They continued to live together as husband and wife from that time until the death of Janie Graham. on January 11, 1945, except for short periods of separation after family disagreements.

They purchased real property as husband and wife,. were involved in three divorce actions, which were dismissed, and reconciliations effected, she was listed in the telephone book as "Mrs. Janie Graham," and she was supported largely from Rance's earnings, although she, too, worked.

The Probate Court in its findings of fact included the following:

"7. That Rance Graham at the time of the issuing of the marriage license was present and heard Janie Graham, the decedent, then Janie Caldwell, state under oath that her name was Janie Caldwell; and Rance Graham's testimony at the hearing was to the effect that he only knew her as Janie Pentecost."

This finding is important as bearing on the question of whether or not Rance Graham innocently and in good faith entered into the ceremonial marriage with Janie.

We fail to find one word in the record of this case which indicates that Rance Graham heard Janie Caldwell state under oath that her name was Janie Caldwell. It may be that the Probate Court inferred from the fact that both parties signed the application for a marriage license, that Rance must have heard her state that her name was Janie Caldwell, but he expressly denies that, and his denial is not controverted.

It is true that at the time of the ceremonial marriage between Rance and Janie on March 1, 1919, that marriage was absolutely void, for Janie was not then competent to enter into a marriage contract because she had a husband living at that time.

That situation continued until May 8, 1920, when Janie's then husband procured a divorce from her, thereby removing the impediment which had theretofore precluded Janie from entering into a valid marriage.

We are of the opinion that the evidence in this case preponderates in favor of Rance Graham having innocently and in good faith entered into the ceremonial marriage with Janie, and that therefore the syllabus in *Johnson* v. *Wolford*, 117 Ohio St., 136, 157 N. E., 385, controls this case. That syllabus is as follows:

"Where F., innocently and in good faith enters into a ceremonial marriage with J., which is void when con-

tracted because J. has at the time a valid and subsisting contract of marriage with M., the removal of the impediment to such marriage by the death of M., and the continued cohabitation between F. and J., after the death of M., operate as a ratification and a validation of such marriage as to F. from the date of the death of M., though the death of M. may not have been known to F. and J.; the intent and actual agreement to be married which inhered in the ceremonial marriage innocently contracted by F. will be imputed by the law to the cohabitation after the death of M. so as to establish a valid marriage at common law."

However, should we be mistaken in that conclusion, we are unanimously of the opinion that the evidence of the continued cohabitation of Rance and Janie after May 8, 1920, their acts, declarations and conduct, and their recognized status in the community in which they resided, were such as to clearly establish a common-law marriage under the rules announced by the Supreme Court of Ohio in *Markley* v. *Hudson,* 143 Ohio St., 163, 54 N. E. (2d), 304.

We are of the opinion that the judgment of the Probate Court, finding that Rance and Janie Graham did not consummate a common-law marriage after the removal of the impediment thereto on May 8, 1920, is manifestly against the weight of the evidence.

It follows that the judgment of the Probate Court must be reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and HUNSICKER, J., concur.