This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Donald Hafer appeals the judgment of the Wayne County Common Pleas Court adopting the magistrate's report and overruling his objections thereto. Appellant argues that the trial court lacked personal jurisdiction to render a judgment against him requiring payment of child support. He argues alternatively that the trial court erred by denying his defense of laches pertaining to the payment of child support. This Court affirms the judgment of the trial court.
 I.
Appellant was married to Juanita Eckenroth in January 1967 in Pennsylvania. The two were divorced in April 1976. Appellee Bonnie Crozier, a.k.a Bonnie Hafer, filed a complaint for divorce in the Wayne County Common Pleas Court on August 19, 1977. In her complaint, appellee alleged that she and appellant entered into a common law marriage under Ohio law in September 1974. She further alleged that one child was born as issue of this union on July 10, 1975. At the time appellee filed for divorce, appellant was a resident of Pennsylvania. Thus, service of the complaint upon appellant was perfected pursuant to Civ.R. 4.3. Appellant failed to answer the complaint and did not appear, nor was he represented, at the hearing held on the divorce complaint. The trial court found that a valid common law marriage existed between the parties, and entered a judgment of divorce on January 10, 1978. The court further ordered appellant to pay child support in the amount of $80 per month. Upon appellant's non-payment of the child support, appellee initiated two actions pursuant to the Uniform Reciprocal Enforcement Support Act ("URESA") in Pennsylvania. In the second action, the Pennsylvania court found that at the time appellee claimed she and appellant were married, he was legally married to Ms. Eckenroth under Pennsylvania law. As such, the Pennsylvania court dismissed the URESA action with prejudice.
On January 24, 1997, appellee moved the trial court to review the 1978 child support order. At the time of this motion, child support was in arrears in the amount of $5,361.53. After a hearing on the motion, the magistrate recommended that the Wayne County Support Enforcement Agency collect the support in arrears. On February 28, 1997, the trial court adopted the magistrate's proposed decision. Appellant, by special appearance through counsel, moved to vacate this judgment based upon the alleged lack of personal jurisdiction, a claim for relief under Civ.R. 60(B), and the affirmative defense of laches. The magistrate issued a report recommending that appellant's request for relief be denied.
The magistrate's findings of fact indicate that appellant entered into a common law marriage with appellee after his divorce from Ms. Eckenroth in 1976, thereby rendering jurisdiction in the trial court proper. The magistrate further found that the URESA actions initiated in Pennsylvania were improperly handled and were not binding on Ohio courts. The magistrate found that there was no evidence of fraud by appellee that would entitle appellant to relief pursuant to Civ.R. 60(B). Finally, the magistrate concluded that appellant had not been prejudiced by the proceedings and, as such, was not entitled to the defense of laches. Appellant objected to the magistrate's report, and the trial court overruled the objection on October 21, 1997. Appellant then moved the trial court for findings of fact and conclusions of law regarding its October 21, 1997 journal entry. The trial court adopted the findings of fact made by the magistrate pursuant to Civ.R. 53(E)(4), and conducted an independent review of those facts in adopting the magistrate's recommendation and overruling appellant's objection. Appellant has timely appealed to this Court arguing only that the trial court lacked personal jurisdiction, or alternatively, that he was entitled to the defense of laches. This Court will consider each assignment of error in turn.
 II. First Assignment of Error The trial court erred as a matter of law in finding thatthe Court of Common Pleas of Wayne County, Ohio had inpersonam jurisdiction over the named [appellant], DonaldHafer.
Appellant first claims that the trial court lacked personal jurisdiction to render a judgment against him requiring payment of child support. This assertion is without merit.
When a trial court reviews the facts and conclusions of a magistrate's report and determines that the magistrate failed to properly determine the facts or appropriately apply the law, the trial court must reverse or modify the magistrate's report. Inmanv. Inman (1995), 101 Ohio App.3d 115, 118. As an appellate court, we review a trial court's decision to adopt, reject, or modify a magistrate's report under an abuse of discretion standard. Wadev. Wade (1996), 113 Ohio App.3d 414, 419. Thus, our review is limited to whether, in adopting the magistrate's report, "the [trial] court's attitude [was] unreasonable, arbitrary or unconscionable." State ex rel. Edwards v. Toledo City SchoolDist. Bd. Of Edn. (1995), 72 Ohio St.3d 106, 107.
As a support order, in personam jurisdiction over appellant is necessary. See Pasqualone v. Pasqualone (1980), 63 Ohio St.2d 96,103. As such, due process requires that, in order to subject appellant to a judgment in personam where he was not present within the territory of the forum, he must have had certain minimum contacts with it such that the maintenance of the suit did not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington (1945),326 U.S. 310, 316, 90 L.Ed. 95, 101. It is well settled that R.C.2307.382, supplemented by Civ.R. 4.3, provide that "service of process perfected on a non-resident defendant constitutes constitutionally valid in personam service for a civil action within Ohio, even though the defendant is not a resident of Ohio, if the defendant has * * * lived in [a] marital relationship within this state, notwithstanding the subsequent departure from this state, if the other party to the marital relationship continues to reside in this state as found in Civ.R. 4.3(A)(8)."Hostetler v. Kennedy (1990), 69 Ohio App.3d 299, 302. "[T]he dispositive issue in determining the propriety of personal jurisdiction based on this long-arm provision is whether the nonresident defendant lived in a marital relationship within the state to an extent sufficient to satisfy the minimum-contacts requirement of constitutional due process." Fraiberg v. CuyahogaCty. Court of Common Pleas, Domestic Relations Div. (1996),76 Ohio St.3d 374, 377-78.
In light of the rules of law set forth above, appellant was obligated to raise the defense of lack of personal jurisdiction when served with the original complaint for divorce pursuant to Civ.R. 12(H)(1). Civ.R. 12(H)(1) states in pertinent part:
 A defense of lack of jurisdiction over the person * * * is waived * * * if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.
Thus, appellant must have raised the defense of lack of personal jurisdiction by motion or in a response to the original divorce complaint. The record indicates that appellant did neither. Accordingly, he has waived the defense of lack of personal jurisdiction by failing to properly raise it pursuant to Civ.R. 12(H)(1).
Assuming arguendo appellant has not waived this defense, the trial court in this case conducted a de novo review of the magistrate's findings of fact and concluded that appellant and appellee were married after appellant's divorce in 1976. Appellant has failed to demonstrate that the trial court acted unreasonably by concluding that the common law marriage between he and appellee was ratified after his divorce. This Court held inHale v. Graham (1948), 85 Ohio App. 447, that the continued cohabitation of a couple after the removal of the impediment to their intended marriage, together with "their acts, declarations and conduct, and their recognized status in the community in which they resided," is a sufficient basis to establish a common-law marriage. Id. at 450. See, also, Johnson v. Wolford (1927),117 Ohio St. 136, syllabus. Appellant contends that there was no evidence before the trial court establishing ratification of a marriage to appellee. His basis for this assertion is the alleged inadmissibility of certain documentary evidence. However, appellant failed to object to this evidence before the trial court and cannot raise this issue for the first time before this Court. See Williams v. Noden (Feb. 15, 1995), Summit App. No. 16857, unreported at 3.
Based upon the record before us, the trial court had evidence before it that appellant and appellee had resided together, had a child, and held themselves out to the community as a married couple in Ohio, after his 1976 divorce in Pennsylvania. Thus, this Court cannot conclude that the trial court abused its discretion by adopting the magistrate's report and finding that a valid common law marriage existed between appellant and appellee after his divorce in 1976. As such, pursuant to R.C. 2307.382 and Civ.R. 4.3(A)(8), the trial court had valid in personam
jurisdiction to order appellant to pay the child support in arrears. Appellant's first assignment of error is overruled.
 Second Assignment of Error The trial court erred as a matter of law and abused itsdiscretion in denying [appellant's] affirmative defenseunder the Doctrine of Laches against the order of childsupport in this matter.
Appellant next avers that the trial court abused its discretion by refusing to permit him to assert the affirmative defense of laches. We disagree.
The defense of laches is applicable where a party fails to "assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence." Smith v. Smith
(1957), 107 Ohio App. 440, 443-444. In order to invoke the doctrine of laches, it must be established that the "person for whose benefit the doctrine will operate has been materially prejudiced by an unreasonable and unexplained delay of the person asserting his claim." Goff v. Walters (Oct. 28, 1998), Summit App. No. 18981, unreported at 5, quoting Seegert v. Zietlow
(1994), 95 Ohio App.3d 451, 457. In Furman v. Waggoner (Jan. 29, 1997), Summit App. No. 17756, unreported at 5, this Court set forth the elements of laches as follows: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) knowledge, actual or constructive, of the injury or wrong; and (4) prejudice to the other party. Delay itself is insufficient to invoke the doctrine, Smith v. Smith (1959),168 Ohio St. 447, paragraph three of the syllabus, the advocating party must show he has been materially prejudiced by the delay.Wright v. Oliver (1988), 35 Ohio St.3d 10, 12.
In the case at bar, appellant has failed to demonstrate that he was materially prejudiced by appellee's delay in requesting enforcement of the child support payment order. Appellant avers that because the child was deceased at the time of this action he can no longer establish whether he is the father. However, this contention overlooks appellant's failure to contest either the original divorce or the parentage of the child in the divorce proceedings. Rather, appellant invites this Court to overlook his complete inaction and attempts to claim that he has been prejudiced by appellee's delay. The record reflects that appellee initiated several URESA actions in an attempt to enforce the child support order of the trial court. Although appellee took no further action after the Pennsylvania court refused to enforce the child support order until the instant action, this delay is itself insufficient to establish applicability of the defense of laches. Appellant had ample opportunity to contest the parentage of the child after being properly served with the complaint for divorce. His claim to the contrary before this Court is simply a futile attempt to further frustrate the valid order of the trial court for payment of child support made in its initial judgment granting appellee's divorce.
Appellant's reliance upon the Pennsylvania court's decision in the URESA action is misplaced. He concedes that in each instance, he appeared and contested parentage of the child. However, the URESA action in Pennsylvania was not the proper forum to contest either parentage or the validity of the marriage. The trial court correctly concluded that such a determination was beyond the proper scope of the action before the Pennsylvania court. The URESA action was intended to enforce an order of another state's court, not for the purpose of reviewing the validity of that order. Thus, it was beyond the scope of the Pennsylvania court to declare the marriage between appellant and appellee invalid, and appellant cannot now rely upon that decision.
Nonetheless, appellant has failed to demonstrate any material prejudice by the appellee's delay in initiating the present action. Appellant had ample opportunity to contest the marriage and parentage of the child upon being properly served with the original complaint for divorce. Thus, the trial court did not abuse its discretion by determining that appellant was not entitled to assert the defense of laches because he failed to demonstrate prejudice. Appellant's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
WILLIAM R. BAIRD
FOR THE COURT
SLABY, J.
CARR, J.
CONCUR