This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Appellant, James Riley, appeals from the order entered by the Summit County Court of Common Pleas, Probate Division, removing Appellant as Administrator of the Estate of John Little and appointing the Appellee, Margaret Adkins Little, Administratrix. We affirm.
On November 29, 1995, following the death of John Little, decedent, Appellant applied to the court requesting his appointment as Administrator of decedent's estate. At that time, he claimed to be the sole heir of the estate. On February 2, 1996, Appellee moved the court to remove Appellant as Administrator of the estate. To support her motion, Appellee argued that pursuant to R.C. 2113.06, she had the premier right as the surviving spouse to serve as Administrator in an intestate estate. Since she had not waived that right, she argued that she should be appointed Administratrix and that Appellant should be removed. Appellee based her spousal privilege upon her alleged common law marriage to decedent.
The matter of removal of the Administrator was set for a hearing on May 6, 1996. Appellant's attorney was scheduled to be out of town at that time and he requested that the hearing date be changed. The hearing was rescheduled for May 28, 1996. Due to health concerns, Appellant's counsel was unable to attend the hearing and failed to make arrangements to have another attorney represent Appellant at that hearing. As the court had not been notified of counsel's inability to attend, the hearing progressed and Appellee presented a number of witnesses who testified as to her marital relationship with the decedent. Following the hearing, Appellant requested a "Trial de novo" setting out in his brief the availability of seven witnesses willing to testify as to decedent's status as a single individual. Subsequently, a second hearing was held at which Appellant was permitted to call witnesses and present evidence, and Appellee was permitted to present rebuttal testimony.
The trial court adopted the magistrate's decision that found Appellee to be the common law spouse of the decedent. As a result of this conclusion, the court removed Appellant as Administrator and appointed Appellee as Administratrix of the estate. Appellant has timely appealed and raises one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court's finding that the Appellee established by clear and convincing evidence that a common-law [sic] marriage existed was against the manifest weight of the evidence and contrary to law.
Common law marriage is the joinder of a man and a woman as husband and wife without having first observed the formalities of licensure papers or ceremony. Nestor v. Nestor (1984), 15 Ohio St.3d 143,145. While this form of marriage is not endorsed in this state, so long as certain elements exist, the marriage will be considered valid. Id. Pursuant to R.C. 3105.12(B)(1), common law marriages occurring after October 10, 1991, are prohibited. However, common law marriages that occurred prior to that date are recognized as valid and shall remain so until terminated by death, dissolution, divorce, or annulment. R.C. 3105.12(B)(2).
In order to establish a common law marriage, the following must be demonstrated by clear and convincing evidence: (1) an agreement to marry in praesenti, (2) cohabitation of the individuals as husband and wife, and (3) the treatment and reputation of the couple as husband and wife in the community and circle in which they reside. Nestor, supra at 146. It is imperative that there is a "meeting of the minds between the parties who enter into a mutual contract to presently take each other as [husband] and wife." Id. The agreement to marry inpraesenti may be proven either by way of evidence of a direct agreement or by proof of "cohabitation, acts, declarations, and the conduct of the parties and their recognized status in the community in which they reside." Id. "[T]estimony regarding cohabitation and community reputation tends to raise an inference of the marriage." Id.
Appellant appears to have argued that the judgment was against the manifest weight of the evidence because Appellee failed to prove by clear and convincing evidence the three elements necessary to establish a common law marriage. This court applies the same standard in determining whether both criminal and civil judgments are against the manifest weight of the evidence.Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. We must, therefore:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.
Frederick, supra, quoting State v. Shue (1994), 97 Ohio App.3d 459,466. This action is reserved for the exceptional case, where the judgment is "so manifestly contrary to the natural and reasonable inferences to be drawn from the evidence as to produce a result in complete violation of substantial justice[.]"Hardiman v. Zep Mfg. Co. (1984), 14 Ohio App.3d 222, 226, quotingRoyer v. Bd. of Education. (1977), 51 Ohio App.2d 17, 20.
While it is unclear on which specific date the agreement inpraesenti occurred, there was extensive testimony of a number of occasions when the couple resolved to be husband and wife. Furthermore, Appellee proved that she was the common law wife of the decedent by presenting evidence of the couples' lengthy cohabitation and pervasive reputation in the community as husband and wife. Over the course of two hearings, Appellee presented the testimony of family members, friends from various components of the marital social circle, the couple's housekeeper, business associates, and herself to support that the couple cohabitated and were reputed throughout the community as husband and wife. These witnesses testified that on numerous occasions, they personally heard the decedent refer to Appellee as his wife. There was also testimony that on various documents such as rental leases and insurance applications the decedent designated Appellee as his wife. Evidence was also presented by Appellant that he has referred to the Appellee as "sister-in-law" since the inception of the Appellee's relationship with his brother.
Appellant attempted to refute the Appellee's evidence in support of the common law marriage with a string of his own witnesses. Most of the witnesses who testified that Appellee and the decedent were not married did not socialize with Appellee and the decedent as a couple. One individual who did socialize with both individuals claimed that decedent referred to Appellee as his spouse only out of custom and as a form of slang and not as an indication of the characterization of the relationship. None of the other witnesses called on behalf of the Appellant were able to confirm this custom in their community. Another of Appellant's witnesses testified that while he did not believe that Appellee and the decedent were married, he knew of others in the community that said that the two were husband and wife.
The Supreme Court of Ohio has noted that "[i]t is not necessary that [the parties] disseminate information [regarding their marital status] to all society generally, or to all of the community in which they reside. Rather, there must be a holding out to those with whom they normally come in contact." Nestor v.Nestor, 15 Ohio St.3d at 146. While Appellant presented evidence of circumstances in which the parties were considered to be single, this does not conclusively establish that the two were not married by common law because the general community was aware of the marital relationship.
Appellant has attempted to draw into question the veracity of the Appellee and her witnesses. While it is the province of the reviewing court to evaluate the weight of the evidence pursuant to a manifest weight challenge, "[e]valuating evidence and assessing credibility are primarily for the trier of fact." Gaines v.Jackson (Aug. 18, 1993), Lorain App. No. 93CA005533, unreported, at 5. Similarly, when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed one party over another. See Statev. Warren (1995), 106 Ohio App.3d 753, 760.
Finally, there is great discussion as to whether the parties resolved to be husband and wife following the decedent's divorce from his former wife, the final impediment to a common law marriage, and prior to the elimination of Ohio's provision permitting the formation of common law marriages. Once an impediment to common law marriage is removed, the parties continued cohabitation, "their acts, declarations and conduct, and their recognized status in the community in which they resided," are sufficient to clearly establish a common law marriage. Hale v.Graham (1948), 85 Ohio App. 447, 449. The court in Hale ruled that the intent and agreement entered into prior to the removal of the impediment would be imputed to the continued cohabitation so as to establish a valid marriage under law. Id. at 449-450, citing Johnson v. Wolford (1927), 117 Ohio St. 136, syllabus.
In this case, the Appellee laid out extensive testimony specifically referring to the brief window of time following the decedent's divorce and preceding the termination of common law marriage in Ohio. It is the opinion of this court that the trial court's conclusion that Appellee proved by clear and convincing evidence that she and the decedent continued to cohabitate and continued to be reputed in the community as husband and wife was not against the manifest weight of the evidence.
Upon review of the evidence, the trial court's conclusion that a common law marriage existed between Appellee and the decedent was not against the manifest weight of the evidence. Furthermore, in light of this conclusion, the trial court properly removed Appellant as Administrator and appointed Appellee Administratrix of the Estate of John Little.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _____________________________ LYNN C. SLABY, FOR THE COURT
WHITMORE, J., BATCHELDER, J., CONCUR.